**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ISABEL TRANSITO MIRANDA, CESAR BAUTISTA, and CESAR ISLAS, Individually and On Behalf of All Others Similarly Situated,** | § | |
| ***Plaintiffs*****,** | § | **C.A. NO. 4:19-cv-00092-ALM** |
| **v.** | § | **JUDGE MAZZANT** |
| **MAHARD EGG FARM, INC., and MAHARD PULLET FARMS, INC.,** | § | |
| ***Defendants*****.** | § | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

In response to a motion to compel, the responding party bears the burden of showing "specifically how each discovery request is not relevant or otherwise objectionable" or that "the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017). Here, Defendants have come nowhere close to meeting their burden. Rather than attempting to make the required showing, Defendants rely instead on a scattershot of hyperbole concerning the ultimate merits of Plaintiffs' claims—claims that the EEOC has recently determined give rise to a finding that "Mahard has violated [Title VII] with regard to . . . a class of Hispanic employees[.]" (Ex. A.)

Regardless, Defendants make no meaningful argument on the relevance or proportionality of Plaintiffs' discovery requests. They have provided no affidavits or other evidence showing that the discovery sought would be too costly or otherwise unduly burdensome to produce. They do

not grapple at all with the authority cited by Plaintiffs establishing the propriety of the discovery at issue. The purpose of discovery in a class action is to develop the record fully before a class certification motion is considered. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 351 (S.D.N.Y. 2012). The discovery at issue will allow Plaintiffs to more fully develop the record and remedy the imbalance that currently exists with respect to the parties' access to class information. Defendants have made no showing that Plaintiffs should not be entitled to do so. Plaintiffs' motion should be granted in full.

## REPLY ARGUMENT

### A. Class Member and Witness Identities

**Plaintiffs' Interrogatory No. 1:** Identify all individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farm, Inc., at Mahard's Chillicothe, TX, facility at any time from February 4, 2015, to the present.

Plaintiffs need the information requested in Plaintiffs' Interrogatory No. 1 so they can contact and interview class members and witnesses about their experiences. Defendants make no challenge to the relevance of this information, instead arguing that it is enough that Plaintiffs have access to "the many contacts that they already have[.]" (Defs.' Br. at 9.) As already explained, Plaintiffs' access to an outdated, incomplete list of class members from a different case is not a substitute for *full* discovery in *this* case. Courts commonly order discovery of putative class members' identifying information. *See Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D. Cal. 2011); *Doyon v. Rite Aid Corp.*, 279 F.R.D. 43, 50; *Paulino v. Dollar Gen. Corp.*, No. 3:12-CV-75, 2013 WL 2444700, at *3 (N.D.W. Va. June 5, 2013); *Cedano v. Thrifty Payless, Inc.*, No. CV-10-237-HZ, 2011 WL 8609402, at *8 (D. Or. May 9, 2011). Defendants have articulated no compelling reason why such information should not be turned over.

**Plaintiffs' Request No. 3:** The personnel files, performance metrics, reviews, discipline documents, or other documents relating to the evaluation of the job activity, productivity, or performance of those individuals whose identities are sought through Interrogatory No. 2.

Defendants object to Request No. 3 solely on an argument that supervisors' personnel files may contain confidential information. (Defs.' Br. at 9.) But they make no attempt to articulate what that confidential information would be. And they make no argument as to relevance. Regardless, any genuine concerns regarding confidentiality would be more than adequately addressed through an appropriate protective order. The parties have largely agreed on a proposed protective order that would address Defendants' concerns here, which has been submitted to the Court. (*See* ECF Nos 9-11.)

**Plaintiffs' Request No. 13:** A list containing extracted data in electronic, delimited, and importable format, identifying the following information for each Plaintiff and person whose identity is sought through Interrogatory Nos. 1 and 2: first and last name, employee identification number(s), last-known personal address, personal email address, and personal phone number.

Defendants maintain that they already provided this information in the FLSA case. Again, the fact that Defendants produced some information in a prior case—which is now incomplete and outdated—does not relieve them of their burden to comply with Plaintiffs' discovery requests in this case. Defendants alone have access to the full and complete class list, and they have not shown that production of this information would be unduly burdensome or disproportionate.

**Plaintiffs' Request No. 14:** A list containing extracted data in electronic, delimited, and importable format, providing the following information for each Plaintiff and person whose identity is sought through Interrogatory Nos. 1 and 2: first and last name, employee identification number(s), gender, race, ethnicity, national origin, dates of employment, job title, and job code.

Defendants assert, without support, that they do not keep track of race, ethnicity, and national origin. Notably, elsewhere in their brief Defendants claim to be able to calculate the "ratio" of Hispanic to White workers to whom notes were sent in the previous FLSA case. (*See*

Defs.' Br. at 5.) Regardless, this does not relieve Defendants of the obligation to produce information responsive to the rest of Plaintiffs' Request No. 14.

**B. <u>Work Environment</u>**

**Plaintiffs' Request No. 1:** All communications, inter-office memoranda, meeting notes and/or minutes, presentations, recordings, or other documents, relating to Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1 and any of the following topics: working conditions, workplace safety, hiring, firing, promotion, discipline, working hours, pay, discrimination, harassment, race/ethnicity, and/or work schedules.

Defendants have yet to produce documents responsive to Plaintiffs' Request No. 1 that are relevant to members of the putative class other than the Named Plaintiffs. Once again, Defendants make no meaningful arguments as to relevance, instead lodging various arguments as to the merits of Plaintiffs' underlying claims (which have been validated by the EEOC). Plaintiffs are entitled to documents related to working conditions of all putative class members because Plaintiffs allege a hostile and abusive work environment class. (*See* Pls.' Br. at 12.)

**Plaintiffs' Request No. 4:** All training, orientation, and/or new employee materials, including handbooks or meeting minutes, distributed or otherwise made available to Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1 to the extent such materials relate to any of the following topics: working conditions, workplace safety, hiring, firing, promotion, discipline, working hours, pay, discrimination, harassment, race/ethnicity, and/or work schedules.

**Plaintiffs' Request No. 5:** All documents used by Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1 and/or 2 in the performance of their job duties including, but not limited to, any policies, procedures, rules, guidelines, handbooks, manuals, or plans to the extent such documents relate to any of the following topics: working conditions, workplace safety, hiring, firing, promotion, discipline, working hours, pay, discrimination, harassment, race/ethnicity, and/or work schedules.

**Plaintiffs' Request No. 10:** All documents relating to Defendants' rules and policies, written or unwritten, regarding workplace health and safety that have been in effect at any time since February 4, 2015; any changes thereto; and the decision to make any such changes.

Defendants claim that they have produced some documents that relate to a broad base of employees beyond the Named Plaintiffs. Again, they make no arguments concerning relevance,

burden, or proportionality. The Court should order that all documents responsive to Plaintiffs' Request Nos. 4, 5, and 10 be produced.

**Plaintiffs' Request No. 12:** All documents relating to any formal or informal complaints, grievances, charges, allegations, audits, arbitrations, or lawsuits against or to Defendants relating to discrimination, harassment, environmental protection, smuggling aliens, and/or workplace health or safety within the past ten years.

**Plaintiffs' Request No. 17:** All documents relating to workplace injuries sustained by Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1, including documents relating to claims for workers' compensation or other injury-related benefits.

Plaintiffs have alleged hostile work environment claims on a class-wide basis with respect to disparate treatment that includes subjecting the class members to unsanitary and unsafe working conditions. (*E.g.*, Compl. ¶¶ 21-31.) Defendants' only argument against production of documents concerning these working conditions is their contention that both White and Hispanic employees worked in the same working conditions.[1] (Defs.' Br. at 14-15.) Putting aside the fact that the vast majority of workers at Defendants' Chillicothe facilities are Hispanic, Defendants' premature (and wrong) merits-related argument has no bearing on whether Plaintiffs are entitled to discovery that is plainly relevant to their claims. As set forth in Plaintiffs' opening brief (at 13 & n.13), Plaintiffs are aware of several OSHA investigations against Defendants that have led to findings of violations. All documents relating to these investigations—and any other responsive documents—must be produced.

[1] Defendants cite no legal authority for their argument. Plaintiffs believe that the majority of non-managerial workers at issue are Hispanic. (*See* Ex. A at 3.) Regardless, Defendants merely highlight a question that the discovery at issue will help resolve—whether Defendants maintained a hostile and abusive work environment for Hispanic workers.

Respectfully submitted:

Dated: September 5, 2019

**NICHOLS KASTER, PLLP**

_/s/ Nicole J. Schladt_
Nicole J. Schladt* MN Bar No. 0400234
nschladt@nka.com
Anna P. Prakash* MN Bar No. 0351362
aprakash@nka.com
Robert L. Schug* MN Bar No. 387013
schug@nka.com
80 S. 8th Street, 4600 IDS Center
Minneapolis, Minnesota 55402-2242
Telephone (612) 256-3200
Fax (612) 338-4878
*Admitted *pro hac vice*

**EQUAL JUSTICE CENTER and TRANSNATIONAL WORKER RIGHTS CLINIC**

Aaron Johnson State Bar No. 24056961
ajohnson@equaljusticecenter.org
Rebecca Eisenbrey State Bar No. 24097646
reisenbrey@equaljusticecenter.org
510 S. Congress Ave., Ste. 206
Austin, Texas 78704
Telephone: (512) 474-0007
Fax: (512) 474-0008

Shana Khader State Bar No. 24099860
skhader@equaljusticecenter.org
1250 W. Mockingbird Ln., Ste. 455
Dallas, Texas 75247
Telephone: (469) 228-4223
Fax: (469) 941-0861
***COUNSEL FOR PLAINTIFFS***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September 2019, a true and accurate copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Texas. Notice of this filing will be delivered to all parties by operation of the Court's electronic filing system.

_s/ Nicole Schladt_
Nicole Schladt