# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ISABEL TRANSITO MIRANDA, CESAR | § | |
| BAUTISTA, and CESAR ISLAS, | § | |
| Individually and On Behalf of All Others | § | Civil Action No.  4:19-CV-00092 |
| Similarly Situated | § | Judge Mazzant |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| MAHARD EGG FARM, INC., and | § | |
| MAHARD PULLET FARMS, INC., | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Discovery (Dkt. #16).  Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

This case was filed by Isabel Transito Miranda, Cesar Bautista, and Cesar Islas on behalf of themselves and a class of similarly situated Hispanic employees ("Plaintiffs" or "Hispanic Workers") (Dkt. #1).  The workers were all employed, or are currently employed, by Mahard Egg Farm, Inc., and Mahard Pullet Farms, Inc., (collectively "Mahard") "at various times since February 4, 2015" (Dkt. #1).  Mahard is a domestic for-profit corporation with various facilities across Texas and Oklahoma, including Chillicothe, Texas that "manages both egg farms and egg processing plants" (Dkt. #1).  Mahard hires its employees to "clean, sort, and package eggs" (Dkt. #1).  According to Plaintiffs, their time with Mahard was filled with intimidation, abuse, and discrimination (Dkt. #1).

"The Hispanic Workers' work environment," according to the Complaint, "was permeated by intimidation and abuse. Mahard supervisory or management personnel—including Andy Mahard, Oscar San Miguel, and Tony Brown—regularly shouted at, cursed at, physically intimidated, and insulted the Hispanic Workers" (Dkt. #1). For example, Plaintiffs claim that "Mahard supervisory or management personnel hurled race-based insults at the Hispanic Workers"—in Spanish—"such as 'worthless Mexicans," "monkeys," "fucking Hondurans," "stupid Guatemalans," "dumbasses," "motherfuckers," "wetbacks," and "illegals" (Dkt. #1). The supervisory or management personnel also, allegedly, "threatened to have the Hispanic Workers deported if they complained or did not obey orders" (Dkt. #1). In addition to verbal insults, Plaintiffs allege that the staff made "menacing gestures," threw tools and other objects at them, and, "on occasion," shoved, grabbed, or hit them (Dkt. #1). This physical conduct allegedly included sexual assault and harassment of some female Hispanic Workers (Dkt. #1). The personnel also, according to Plaintiffs, scolded the Hispanic Workers for taking rest breaks, "withheld information about their right to file claims for workers' compensation benefits when they were injured," and falsified their hours to deprive them of wages (Dkt. #1).

Along with physical and verbal abuse, the supervisory and management personnel allegedly "subjected the Hispanic Workers to unreasonably dangerous, unsanitary, and degrading conditions because of their race" (Dkt. #1). For example, Plaintiffs contend that Mahard "refused to provide the Hispanic Workers with even the most basic safety and hygiene resources, personal protection equipment, or safety training that is necessary for the work and required by applicable regulations or industry standards" (Dkt. #1). This allegedly included refusing to provide the Hispanic Workers with "safety training, respirators, or gas monitors to protect the Hispanic Workers from dangerous levels of ammonia, hydrogen sulfide, methane, and carbon dioxide

gases . . . ." (Dkt. #1). Further, Mahard allegedly refused to provide work boots, protective masks, earplugs, gloves, or aprons to Hispanic Workers—instead, Hispanic Workers were required to purchase any personal protection equipment themselves (Dkt. #1). On top of allegedly refusing to provide personal protection equipment, Plaintiffs contend that Mahard also refused to provide Hispanic Workers with bathrooms and potable water and required the Workers to "eat in the filthy farm environment, [with] no hand-washing facilities or clean break area" (Dkt. #1). Key to Plaintiffs' claims is the allegation that "the non-Hispanic workers employed by Defendants were treated with more respect" (Dkt. #1).

According to Plaintiffs' Complaint, Isabel Transito Miranda, Cesar Bautista, and other Class Members were discharged after they "opposed or resisted" this alleged conduct (Dkt. #1). As a result of Mahard's allegedly unlawful conduct and subsequent discharge of Plaintiffs, Miranda, Bautista, and Islas filed the present action on behalf of themselves and others similarly situated on February 4, 2019 (Dkt. #1). Plaintiffs claim violations of 42 U.S.C. § 1981 pursuant to Federal Rules of Civil Procedure Rule 23(b)(1), (2), and (3) (Dkt. #1). Plaintiffs seek, among other things, compensatory and punitive damages as well as attorneys' fees and costs (Dkt. #1). Mahard denies all allegations (Dkt. #2).

On April 24, 2019, the Court issued the Order Governing Proceedings (Dkt. #5). In the Order, the Court instructed the parties to produce "[a] copy of all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party" (Dkt. #12). Such production was to be accomplished not later than 10 days after the deadline for the Rule 26(f) conference (Dkt. #12). The Order, pursuant to Local Rule CV-26(d), defined "relevant" as including:

> (1) information that would not support the disclosing parties' contentions; (2) those persons who, if their potential testimony were known, might reasonably be expected to be deposed

or called as a witness by any of the parties; (3) information that is likely to have an influence on or affect the outcome of a claim or defense; (4) information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and (5) information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense

(Local Rule CV-26(d)). The Court then entered its Preliminary Scheduling Order (Dkt. #12) on

July 1, 2019. In the Scheduling Order, the Court stated:

If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline

(Dkt. #12).

On May 15, 2019, Plaintiffs served their first set of Interrogatories and Requests for Production of Documents (Dkt. #16, Exhibit A). The Interrogatories and Requests for Production were served in hopes of ascertaining "information related to the identities of class members and witnesses and to the work environment at Defendants' facilities" (Dkt. #16). Mahard, however, believed that many of the Interrogatories and Requests for Production of Documents were overly broad, irrelevant, disproportional, and unduly burdensome (Dkt. #16, Exhibit B). Consequently, the parties, pursuant to the Court's Preliminary Scheduling Order, sought a telephone conference with the Court (Dkt. #16). The telephone conference occurred on August 6, 2019 (Dkt. #16). At the conference, the Court authorized the Plaintiffs to file a motion to compel, if necessary (Dkt. #16). Plaintiffs took up the Court's offer and have now filed a Motion to Compel (Dkt. #16) which Defendants oppose (Dkt. #17). The Interrogatories, Requests, and Responses that are in dispute state the following:

A. **Class Member and Witness Identities**

- **Plaintiffs' Interrogatory No. 1:** Identify all individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farm, Inc., at Mahard's Chillicothe, TX, facility at any time from February 4, 2015, to the present.

i. **Answer:** Defendants object to this request on the grounds that it is overly broad and seeks information which is neither relevant, nor proportional to the needs of the case. Defendant Mahard Pullet Farm, Inc. did not employ Plaintiffs. Plaintiff Miranda worked at the Chillicothe farm from February of 2014 to February of 2015. Plaintiff Bautista was working at the Chillicothe farm at the time of his resignation in February of 2015. Plaintiff Islas was working at the Chillicothe farm when he resigned in March of 2013. He asked to come back to work in August of 2014 and made no mention of any discrimination, harassment, or retaliation throughout his second tenure which ended in February of 2017. Plaintiffs' counsel was provided with a list of employees in connection with the FLSA claims in *Transito Isabel Miranda, et. al. v. Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc.* 4:15-cv-0406 and represented to the Court that they were acting in the best interests of individuals who joined that case and made no mention to the Court that there were any issues with ongoing harassment, discrimination, or retaliation. Plaintiffs' counsel has been asked, but has not provided, the names of individuals on the lists already provided who were allegedly subjected to discrimination, harassment, or retaliation.

- **Plaintiffs' Interrogatory No. 2:** Identify all individuals and entities who managed, supervised, and/or employed Plaintiffs and/or those individuals identified in response to Interrogatory No. 1.
  i. **Answer:** Oscar San Miguel, Blair Mahard, and Tony Brown.

- **Plaintiffs Request No. 3:** The personnel files, performance metrics, reviews, discipline documents, or other documents relating to the evaluation of the job activity, productivity, or performance of those individuals whose identities are sought through Interrogatory No. 2.
  i. **Answer:** Defendant objects to this request on the grounds that it is overly broad and seeks information which is neither relevant, nor proportional to the needs of the case. There are no allegations regarding these individuals job performance. The request also seeks confidential information. With respect to the allegations in this case, there are no documents relating to discrimination, retaliation or harassment other than attorney client communications and attorney work product because none of these individuals made complaints while employed – the first notice of claims was when Plaintiff Miranda filed her EEOC charge and when Plaintiffs Islas and Bautista filed this lawsuit.
  ii. **Supplemental Response:** Subject to its previous objections, there are no documents in the personnel files of Oscar San Miguel, Blair Mahard, or Tony Brown relating to performance metrics, reviews, discipline, or other documents relating to alleged harassment, discrimination or retaliation.

- **Plaintiffs' Request No. 13:** A list containing extracted data in electronic, delimited, and importable format, identifying the following information for each Plaintiff and person whose identity is sought through Interrogatory Nos. 1 and 2: first and last name, employee identification number(s), last-known personal address, personal email address, and personal phone number.

i. **Answer:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that it seeks information which is neither relevant, nor proportional to the needs of the case. Plaintiff Miranda worked at the Chillicothe farm from February of 2014 to February of 2015. Plaintiff Bautista was working at the Chillicothe farm at the time of his resignation in February of 2015. Plaintiff Islas was working at the Chillicothe farm when he resigned in March of 2013. He asked to come back to work in August of 2014 and made no mention of any discrimination, harassment, or retaliation throughout his second tenure which ended in February of 2017. Plaintiffs' counsel was provided with a list of employees in connection with the FLSA claims in *Transito Isabel Miranda, et. al. v. Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc.* 4:15-cv-0406 and represented to the Court that they were acting in the best interests of individuals who joined that case and made no mention to the Court that there were any issues with ongoing harassment, discrimination, or retaliation. Plaintiffs' counsel has been asked, but has not provided, the names of individuals on the lists already provided who were allegedly subjected to discrimination, harassment, or retaliation. The request further seeks confidential information regarding individuals who are not a party to this lawsuit. Since Plaintiffs counsel has contact information regarding these individuals, if they consent to having their information released, counsel can obtain authorizations from them. With respect to the individuals identified in response to Interrogatory No. 2, they may only be contacted through counsel for Defendant.

ii. **Supplemental Response:** Subject to its previous objections, all documents containing this information are kept in the personnel files which have been produced.

- **Plaintiffs' Request No. 14:** A list containing extracted data in electronic, delimited, and importable format, providing the following information for each Plaintiff and person whose identity is sought through Interrogatory Nos. 1 and 2: first and last name, employee identification number(s), gender, race, ethnicity, national origin, dates of employment, job title, and job code.

    i. **Answer:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that it seeks information which is neither relevant, nor proportional to the needs of the case. Plaintiff Miranda worked at the Chillicothe farm from February of 2014 to February of 2015. Plaintiff Bautista was working at the Chillicothe farm at the time of his resignation in February of 2015. Plaintiff Islas was working at the Chillicothe farm when he resigned in March of 2013. He asked to come back to work in August of 2014 and made no mention of any discrimination, harassment, or retaliation throughout his second tenure which ended in February of 2017. Plaintiffs' counsel was provided with a list of employees in connection with the FLSA claims in *Transito Isabel Miranda, et. al. v. Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc.* 4:15-cv-0406 and represented to the Court that they were acting in the best interests of individuals who joined that case and made no mention to the Court that there

6

were any issues with ongoing harassment, discrimination, or retaliation. Plaintiffs' counsel has been asked, but has not provided, the names of individuals on the lists already provided who were allegedly subjected to discrimination, harassment, or retaliation. The request further seeks confidential information regarding individuals who are not a party to this lawsuit. Since Plaintiffs counsel has contact information regarding these individuals, if they consent to having their information released, counsel can obtain authorizations from them.

    ii. **Supplemental Response:** Subject to its previous objections, all documents containing this information are kept in the personnel files which have been produced.

B. **Work Environment**

- **Plaintiffs' Request No. 1:** All communications, inter-office memoranda, meeting notes and/or minutes, presentations, recordings, or other documents, relating to Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1 and any of the following topics: working conditions, workplace safety, hiring, firing, promotion, discipline, working hours, pay, discrimination, harassment, race/ethnicity, and/or work schedules.

    i. **Answer:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that it seeks information which is neither relevant, nor proportional to the needs of the case. Plaintiff Miranda worked at the Chillicothe farm from February of 2014 to February of 2015. Plaintiff Bautista was working at the Chillicothe farm at the time of his resignation in February of 2015. Plaintiff Islas was working at the Chillicothe farm when he resigned in March of 2013. He asked to come back to work in August of 2014 and made no mention of any discrimination, harassment, or retaliation throughout his second tenure which ended in February of 2017. Plaintiffs' counsel was provided with a list of employees in connection with the FLSA claims in *Transito Isabel Miranda, et. al. v. Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc.* 4:15-cv-0406 and represented to the Court that they were acting in the best interests of individuals who joined that case and made no mention to the Court that there were any issues with ongoing harassment, discrimination, or retaliation. Plaintiffs' counsel has been asked, but has not provided, the names of individuals on the lists already provided who were allegedly subjected to discrimination, harassment, or retaliation. The request further seeks confidential information regarding individuals who are not a party to this lawsuit. Since Plaintiffs counsel has contact information regarding these individuals, if they consent to having their information released, counsel can obtain authorizations from them.

    ii. **Supplemental Response:** Subject to its previous objections, the Plaintiffs did not have company email or a company phone and Defendants are not aware of any communications with them on any personal email or personal phone. If Plaintiffs provide their cell phone numbers and personal email addresses they used while employed by Defendant Mahard Egg Farm, Inc., Defendants can conduct an additional search. With respect to documents relating to the

plaintiffs and the topics listed: (1) with respect to Plaintiff Miranda, she did not raise any complaints while employed. The first knowledge of any issues was her EEOC charge filed long after her employment ended. Defendants have not located any such documents prior to receiving Plaintiff Miranda's EEOC Charge. Documents generated in response to the EEOC charge are privileged; (2) with respect to Plaintiffs Bautista and Islas, they did not raise any complaints while employed. After receiving the vague claims in the EEOC charge filed by the Equal Justice Center, Defendants asked for the names of anyone who was complaining about the issues mentioned in the charge, but no names were provided. Plaintiff Bautista waited four years until after he left the employment of Mahard to assert his claims, so searching for information was difficult. The same holds true for Plaintiff Islas who waited two years. After a diligent search, Defendants have not located any responsive documents.

- **Plaintiffs' Request No. 4:** All training, orientation, and/or new employee materials, including handbooks or meeting minutes, distributed or otherwise made available to Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1 to the extent such materials relate to any of the following topics: working conditions, workplace safety, hiring, firing, promotion, discipline, working hours, pay, discrimination, harassment, race/ethnicity, and/or work schedules.

  i. **Answer:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that it seeks information which is neither relevant, nor proportional to the needs of the case. Plaintiff Miranda worked at the Chillicothe farm from February of 2014 to February of 2015. Plaintiff Bautista was working at the Chillicothe farm at the time of his resignation in February of 2015. Plaintiff Islas was working at the Chillicothe farm when he resigned in March of 2013. He asked to come back to work in August of 2014 and made no mention of any discrimination, harassment, or retaliation throughout his second tenure which ended in February of 2017. Documents relevant to the time frame when Plaintiffs were employed by Defendant are being produced.

  ii. **Supplemental Response:** Subject to its previous objections, documents relating to the named Plaintiffs have been produced and marked as MAHARD 000186 through 000211.

- **Plaintiffs' Request No. 5:** All documents used by Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1 and/or 2 in the performance of their job duties including, but not limited to, any policies, procedures, rules, guidelines, handbooks, manuals, or plans to the extent such documents relate to any of the following topics: working conditions, workplace safety, hiring, firing, promotion, discipline, working hours, pay, discrimination, harassment, race/ethnicity, and/or work schedules.

  i. **Answer:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects because the request seeks information which is neither relevant, nor proportional to the needs of the case. Documents relating to the allegations regarding discrimination, harassment and retaliation are being produced.

ii. **Supplemental Response:** Subject to its previous objections, documents relating to the named Plaintiffs have been produced and marked as MAHARD000186 through MAHARD000211.

- **Plaintiffs' Request No. 10:** All documents relating to Defendants' rules and policies, written or unwritten, regarding workplace health and safety that have been in effect at any time since February 4, 2015; any changes thereto; and the decision to make any such changes.
    i. **Answer:** Defendant objects to this request on the grounds that it seeks information which is neither relevant, nor proportional to the needs of the case.
    ii. **Supplemental Response:** Subject to its previous objections, documents relating to the named Plaintiffs have been produced and marked as MAHARD 000203 through 210.
- **Plaintiffs' Request No. 12:** All documents relating to any formal or informal complaints, grievances, charges, allegations, audits, arbitrations, or lawsuits against or to Defendants relating to discrimination, harassment, environmental protection, smuggling aliens, and/or workplace health or safety within the past ten years.
    i. **Answer:** Defendant objects to this request on the grounds that it seeks information which is neither relevant, nor proportional to the needs of the case. Defendant further objects to the extent this request seeks attorney-client privileged information or attorney work product. Defendant further objects to this request on the grounds that it seeks confidential information relating to individuals who are not parties to this lawsuit. None of the named Plaintiffs made any complaints while employed. Documents relating to Plaintiff Miranda's post-employment complaints are being produced. The first complaints made by Plaintiff Islas and Plaintiff Bautista were in the Complaint filed in this case, so there are no non-privileged documents.
    ii. **Supplemental Response:** Subject to its previous objections, documents relating to the named Plaintiffs have been produced and marked as MAHARD 000001 through 000048, 000793, and MAHARD 00049 through 185.
- **Plaintiffs' Request No. 17:** All documents relating to workplace injuries sustained by Plaintiffs and/or those individuals whose identities are sought through Interrogatory No. 1, including documents relating to claims for workers' compensation or other injury-related benefits.
    i. **Answer:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that it seeks information which is neither relevant, nor proportional to the needs of the case. Plaintiff Miranda worked at the Chillicothe farm from February of 2014 to February of 2015. Plaintiff Bautista was working at the Chillicothe farm at the time of his resignation in February of 2015. Plaintiff Islas was working at the Chillicothe farm when he resigned in March of 2013. He asked to come back to work in August of 2014 and made no mention of any discrimination, harassment, or retaliation throughout his second tenure which ended in February of 2017. Plaintiffs' counsel was provided with a list of employees in connection with the FLSA claims in *Transito Isabel Miranda, et. al. v. Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc.* 4:15-cv-0406

and represented to the Court that they were acting in the best interests of individuals who joined that case and made no mention to the Court that there were any issues with ongoing harassment, discrimination, or retaliation. Plaintiffs' counsel has been asked, but has not provided, the names of individuals on the lists already provided who were allegedly subjected to discrimination, harassment, or retaliation. The request further seeks confidential information regarding individuals who are not a party to this lawsuit. Since Plaintiffs counsel has contact information regarding these individuals, if they consent to having their information released, counsel can obtain authorizations from them. With respect to the named Plaintiffs, there are no responsive documents.

    ii. **Supplemental Response:** Subject to its previous objections, Defendants do not have any records relating to the three named Plaintiffs.

(Dkt. #16; Dkt. #17). The Court now considers Plaintiffs' Motion to Compel.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #12 at p. 2). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the

proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information— with respect to that part of the determination." *Id.* The moving party "may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues." *Samsun Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 592 (N.D. Tex. 2017).

Because this case involves a class action, the standards under Rule 23 are relevant. In the seminal class action case, *Wal- Mart Stores v. Dukes*, the Supreme Court stated:

> a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members. *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)). Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.

564 U.S. 338 (2011). To demonstrate that a class is appropriate, Rule 23(a) imposes four requirements: numerosity, commonality, typicality, and adequate representation. *See id.*; FED. R. CIV. PRO. 23(a). Rule 23(a)'s prerequisites are a high bar for a prospective class representative to meet. "Accordingly, discovery related to class certification—*e.g.*, discovery relating to numerosity, commonality, adequacy and typicality—is appropriate before a class certification hearing . . . ." *McCollum v. Mcalister's Corp. of Mississippi*, 2010 WL 11541599, at *2 (E.D. La. Mar. 19, 2010).

**ANALYSIS**

Plaintiffs seek discovery to develop the factual record for class certification from two categories of information. Those categories include information concerning: (1) Class Members and Witness Identities; and (2) Work Environment (Dkt. #16). Within each category, Plaintiffs delineate multiple of their Interrogatories or Requests for Production that have resulted in discovery disputes. The Court addresses each disputed discovery issue in turn.

A. Class Member and Witness Identities

    i.    Plaintiffs' Interrogatory No. 1.

Defendants object to identifying "all individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farm, Inc., at Mahard's Chillicothe, TX, facility at any time from February 4, 2015, to the present," for multiple reasons. First, Defendants claim that the list of 556 current and former employees that was provided in the FLSA case is sufficient.[1] Second, Defendants point to Bautista, Miranda, and Islas and claim that Plaintiffs should be able to "gather evidence from them . . . ." (Dkt. #17). Evidence of who worked for Mahard during the pertinent timeframe is relevant, non-privileged, and crucial to Plaintiff's ability to determine potential class members. *Knight*, 241 F.R.D. at 263. The former list is outdated and omits relevant periods for the present lawsuit. Notably, Defendants have already compiled a great deal of the list. Thus, it is not disproportionate, or unduly burdensome, to require Defendants to produce an updated list of employees. *Id.* Further, Defendants may not hide behind arguments that the named Plaintiffs should have the relevant information. That is not how discovery works. Defendants claim that Plaintiffs will not be able to gather a class together from an updated list

---

[1] *Transito Isabel Miranda, et. al. v. Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc.* 4:15-cv-0406.

13

because they cannot even do so from their own contacts. That may be so, but it is not for Defendants to decide. *See McCollum*, 2010 WL 11541599 at *3 ("Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial."). If Plaintiffs are unable to form a class after they receive an updated list, so be it. But Defendants are not permitted to withhold a response to Interrogatory No. 1 when their argument is predicated upon the idea that the list will be unhelpful to Plaintiffs. Gathering a list of employees for the relevant time period is not unduly expensive, burdensome, or disproportionate. FED. R. CIV. P. 26(b)(1). Further, this information is critical to determining who may be potential class members, only Mahard has this information—Plaintiffs cannot be expected to re-create a list of 500 plus employees by rogue memory—and answering this interrogatory will not be burdensome on Defendant's resources. *Yang Kun "Michael" Chung*, 325 F.R.D. at 592. Therefore, Mahard is ordered to provide a full response to Interrogatory No. 1.

ii.     Plaintiffs' Interrogatory No. 2.

Defendants answered Plaintiffs' Interrogatory No. 2 (Dkt. #16, Exhibit B). Accordingly, there is no reason to compel a response and Plaintiffs Motion, in this instance, is denied.

iii.     Plaintiffs Request No. 3.

The discovery of "personnel files, performance metrics, reviews, discipline documents, or other documents relating to the evaluation of the job activity . . ." (Dkt. #16) raises serious privacy concerns. According to *Couglin v. Lee* and its subsequent progeny, the Court, in considering whether to permit discovery of these materials, "is required to balance the competing interests of the parties in a considered manner, with regard for the breadth of the federal discovery rules." *George v. Entergy Servs., Inc.*, 2010 WL 3802452, at *4 (E.D. La. Sept. 17, 2010) (discussing

*Coughlin v. Lee*, 946 F.2d 1152, 1155–57 (5th 1991); *see also In re:* Zarelto (Rivaroxaban) Products Liability Litigation, 313 F.R.D. 31, 36 (E.D. La. Jan. 26, 2016) (citing the same language); *Eckstein Marine Serv., Inc. v. M/V Basin Price, Basin Offshore, Inc.*, 168 F.R.D. 38, 40 (W.D. La.2009) (citing the same language). "Privacy interests are not to be weighed lightly in this equation; this Court has noted that the personnel files of non-party employees present 'special concerns' about the privacy rights of the individuals involved." *In re:* Zarelto (Rivaroxaban) Products Liability Litigation, 313 F.R.D. at 36; *see also Fieldwood Energy, L.L.C. v. Diamons Servs. Corp.*, 2015 WL 1415501, at *1 (E.D. La. Mar. 27, 2015) (quoting the same); *Poseidon Oil Pipeline Co., L.L.C. v. Transocean Sedco Forex, Inc.*, 2002 WL 1919797, at *4 (E.D. La. Aug. 20, 2002) (quoting the same). Consequently, "a court ruling on the discoverability of the personnel files of non-party employees must balance privacy and discovery interests, [] and give appropriate weight to the "special concerns" presented by personnel files in each case." *In re:* Zarelto (Rivaroxaban) Products Liability Litigation, 313 F.R.D. at 36 (citing *Poseidon*, 2002 WL 1919797, at *4).

Here, as Mahard points out, Plaintiffs objected to the discovery of their named representatives' personnel files due to "privacy" and "fishing" concerns (Dkt. #17). While Plaintiff's recognition of similar confidentiality and privacy concerns of an employee's personnel files does not conclusively prevent Plaintiffs from discovering the personnel files of Oscar San Miguel, Blair Mahard, or Tony Brown, it does weigh heavily against them. As Mahard accurately states, "[t]here is no question that personnel files contain confidential information" (Dkt. #17). Plaintiffs claim that the files "may contain allegations of bias, discrimination, and workplace wrongdoing" (Dkt. #16). Yet Mahard has unequivocally stated that "there are no documents in the personnel files of Oscar San Miguel, Blair Mahard, or Tony Brown relating to performance

metrics, reviews, discipline, or other documents relating to alleged harassment, discrimination or retaliation" (Dkt. #16, Exhibit C). While discovery rules are to be construed liberally and the Court must account for "the breadth of the federal discovery rules," *George*, 2010 WL 3802452, at *4, the "competing [privacy] interests" of Mahard's employee's personnel files outweigh any interest in discovery here. *Coughlin*, 946 F.2d at 1155–57. Mahard has stated that the information requested in the files does not exist—well aware, it should be added, of the repercussions for a false statement under Rule 11. This answer renders Plaintiff's request unnecessary. Thus, while the Court recognizes the need for broad discovery, a lack of discoverable material cannot overcome the privacy interests in the present action. *In re:* Zarelto (Rivaroxaban) Products Liability Litigation, 313 F.R.D. at 36. As Plaintiffs implicitly recognized when they objected to the discovery of their own personnel files, privacy interests are not to be "weighed lightly." *Id.* Miguel, Mahard, and Brown are entitled to that same tenet of law. Thus, because Mahard has stated that there are no such documents, there is not a sufficient competing interest to overcome the privacy of Mahard's employees. *Id.* Plaintiff's Motion to Compel, in this instance, is accordingly denied at this time.

     iv.    Plaintiffs' Request No. 13.

For the same reasons outlined in the Court's discussion of Plaintiffs' Interrogatory No. 1, *supra*, Defendants are hereby ordered to produce:

> A list containing extracted data in electronic, delimited, and importable format, identifying the following information for each Plaintiff and person whose identity is sought through Interrogatory Nos. 1 and 2: first and last name, employee identification number(s), last-known personal address, personal email address, and personal phone number.

     v.    Plaintiffs' Request No. 14.

For the same reasons outlined in the Court's discussion of Plaintiffs' Interrogatory No. 1, *supra*, Defendants are hereby ordered to produce:

A list containing extracted data in electronic, delimited, and importable format, providing the following information for each Plaintiff and person whose identity is sought through Interrogatory Nos. 1 and 2: first and last name, employee identification number(s), gender, race, ethnicity, national origin, dates of employment, job title, and job code

B. Work Environment

    i.    Plaintiffs' Request No. 1.

According to Defendants' Supplemental Responses to Plaintiffs' First Request for Production, "[a]fter a diligent search, Defendants have not located any responsive documents" with respect to the three named Plaintiffs (Dkt. #16, Exhibit 4). As to the unnamed employees, it would be unduly burdensome and expensive to gather every document ever created for each employee. *See Yang Kun "Michael" Chung*, 325 F.R.D. at 592. Indeed, to order such discovery would be tantamount to judicially sanctioning a fishing expedition. *See Marine Power Holding, LLC v. Malibu Boats, LLC*, 2016 WL 403650, at *3 (E.D. La. 2016) (citation omitted) ("Courts have also recognized that 'the legal tenant that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery.'"). Until the Plaintiffs have a more finite list of employees that are implicated—which can be ascertained through the named Plaintiffs and the discovery the Court is mandating— Plaintiff's Request No. 1 will be denied. Mahard has thus complied with the Order Governing Proceedings (Dkt. #5) and Local Rule CV-26(d). Therefore, there is no need for a Motion to Compel and Plaintiff's Motion, in this instance, is denied at this time.

    ii.    Plaintiffs' Request No. 4, 5, and 10.

According to Defendants' Supplemental Responses to Plaintiffs' First Request for Production (Dkt. #16, Exhibit 4) and Defendants' Response to Plaintiffs' Motion to Compel Discovery (Dkt. #17), "[p]olicy documents in the Plaintiffs' personnel files have been produced." In addition to the documents that Defendants state they already produced, Defendants stated that

"the following additional documents relating to a broad base of employees have also been produce":

Company Safety Policy – Mahard000211
Insurance Disclosures and Forms – Mahard000188-202
Employee Assistance Program – Mahard000186-187
State and Federal Employment Laws Posters – Mahard000203-210
Leave of Absence Policy - Leave policies – Mahard000790-791
Employee Acknowledgement of Workers Compensation Network – Mahard 000792
Training for Euthanasia and On-Farm Depopulation of Entire Flocks – Mahard000873
Training for Catching and Transport – Mahard000874
Code of Conduct for Poultry Caretakers – Mahard000875
SQF Code Training Program Policy – Mahard000824
SQF Code Incoming Goods – Mahard000825 (English) and Mahard000826 (Spanish)
SQF Code Corrective Action Plan – Mahard000827 (English) and Mahard000828 (Spanish)
SQF Code Isolation and Disposition – Mahard000829 (English) and Mahard000830 (Spanish)
SQF Code Product Testing – Mahard 000831 (English) and Mahard 000832 (Spanish)
SQF Code Process Monitoring – Mahard 000833 (English) and Mahard 000834 (Spanish)
SQF Code Shipping Practices – Mahard 000835 (English) and Mahard 000836 (Spanish)
SQF Code Glass Protocol – Mahard 000837 (English) and Mahard 000838 (Spanish)
SQF Cod Process Area Waste Control – Mahard 000839 (English) and Mahard 000840 (Spanish)
SQF Code Contact Packaging Traceability – Mahard 000841 (English) and Mahard 000842 (Spanish)
SQF Code Corrugated Taping Procedure – Mahard 000843 (English) and Mahard 000844 (Spanish)
SQF Code Foreign Material Prevention – Mahard 000845 (English) and Mahard 000846 (Spanish)
SQF Dock Cleaning – Mahard 000847 (English) and Mahard 000848 (Spanish)
SQF Code Processing Plan Personnel Practices – Mahard 000849 (English) and Mahard 000850 (Spanish)
SQF Code Visitor Traffic Control – Mahard 000851 (English) and Mahard 000852 – Mahard 000853 (Spanish)
SQF Code Visitor Registration Program – Mahard 00854 (English) and Mahard 000855 (Spanish)
SQF Code Pest Control – Mahard 000856 (English) and Mahard 00857 (Spanish)
SQF Code Maintenance Program – Mahard 00858 (English) and Mahard 00859 (Spanish)
SQF Code Calibration Procedure – Mahard 000860 (English) and Mahard 000861 (Spanish)
SQF Code Verification (Internal Audit) – Mahard 000862 (English) and Mahard 000863 (Spanish)
SQF Code Sanitizers and Detergent Usage – Mahard 000864 (English) and Mahard 000865 (Spanish)

SQF Code SQF Operating Procedure – Mahard 000866 (English) and Mahard 000867 (Spanish)

SQF Code Stock Rotation – Mahard 000868 (English) and Mahard 000869 (Spanish)

(Dkt. #17). Mahard has complied with the Order Governing Proceedings (Dkt. #5) and Local Rule CV-26(d). Therefore, there is no need for a Motion to Compel and Plaintiff's Motion, in this instance, is denied.

　　　iii.　　Plaintiffs' Request No. 12.

　　　"With respect to discrimination and harassment, Defendants have produced all documents relating to complaints" (Dkt. #17). There is no need to consider Plaintiffs' Motion to Compel with respect to these documents. The disputed documents comprise those relating to: (1) environmental protection; (2) smuggling aliens; and (3) workplace health or safety. The Court considers discovery surrounding environmental protection and workplace health or safety first, then turns to discovery surrounding smuggling aliens.

　　　　　　a.　Environmental Protection & Workplace Health or Safety

　　　Defendants claim that they need not produce environmental protection and workplace safety documents because § 1981 "is not an environmental or workplace safety statute" (Dkt. #17). While that may be true, Plaintiffs allege that the Hispanic Workers were subjected to numerous conditions, on account of their race, that resulted in a dangerous workplace. Among those allegations, Plaintiffs state that Mahard refused to provide the Hispanic Workers with: (1) safety training, respirators, or gas monitors; (2) work boots, protective masks, earplugs, gloves, or aprons; and (3) bathrooms, potable water, hand-washing facilities, and clean break areas. (Dkt. #1). Discovery concerning documents "relating to any formal or informal complaints" are relevant to these allegations. *See Knight*, 241 F.R.D. at 263. Again, despite Defendant's attempts to dispute the likelihood of any success on Plaintiff's claims, the Court need not consider Defendants contentions surrounding Bautista and Islas' testimony. *See McCollum*, 2010 WL 11541599 at *3.

Discovery, under the Federal Rules, is purposefully broad to allow plaintiffs the ability to procure a fuller picture. FED. R. CIV. P. 26(b)(1). Simply because a defendant contests the allegations a plaintiff makes does not mean that a court will prevent discovery from occurring. Indeed, to do so would be inappropriate at this juncture. *See McCollum*, 2010 WL 11541599 at *3. If the Defendants are correct, and there is no disparate treatment between whites and Hispanic Workers, then Defendants have nothing to fear. Turning over the documents will simply prove that Plaintiff's claims are unsubstantiated. But Defendants cannot hide behind an argument on the merits.[2] *Id.* Thus, because the documents are relevant, producing them is not unduly burdensome or expensive, and the documents will aid Plaintiffs in ascertaining potential class members, the Court finds that Plaintiff's request, in this instance is granted. *See id.* at *2; *Yang Kun "Michael" Chung*, 325 F.R.D. at 592; *Morrow v. Washington*, 2009 WL 2591382, at *3 (E.D. Tex. Aug 20, 2009). Accordingly, Defendants are instructed to produce "[a]ll documents relating to any formal or informal complaints, grievances, charges, allegations, audits, arbitrations, or lawsuits against or to Defendants relating to . . . environmental protection . . . and/or workplace health or safety within the past ten years" (Dkt. #16).

b.Smuggling Aliens

Nowhere in Plaintiffs' Complaint or Motion to Compel Discovery is there any mention of allegations surrounding Defendants smuggling aliens. This information is irrelevant to the

---

[2] Plaintiffs and Defendants each cite *Brand v. Comcast Corp.*, 302 F.R.D. 201, 207–08 (N.D. Ill. 2014), for separate propositions regarding discovery in work environment cases. Plaintiffs claim that *Brand* stands for the proposition that broad discovery is appropriate in work environment cases to aid pre-certification class-wide discovery (Dkt. #16). On the other hand, Defendants distinguish *Brand* by pointing out that there were *multiple* facilities in *Brand*—some vastly superior than others—and the issue there, unlike here, is that races were placed into *separate* facilities based upon his/her race. Here, as Defendants correctly state, all races were subjected to different treatment at the *same* facility. Thus, *Brand* is distinguishable and not as supportive as Plaintiffs make it out to be. Regardless of Defendant's correct understanding of the present situation, however, *Brand* is not controlling precedent. It is merely persuasive. Rule 26(b)(1), however, is controlling. And under Rule 26(b)(1), the Court finds that broad discovery, including discovery into workplace conditions, is warranted. *See Yang Kun "Michael" Chung*, 325 F.R.D. at 592.

situation of Plaintiffs. *See Crosby*, 647 F.3d at 262. Thus, Plaintiffs motion, as to documents concerning the smuggling of aliens, is denied. FED. R. CIV. P. 26(b)(1).

      iv.     Plaintiffs' Request No. 17.

"Subject to its previous objections, Defendants do not have any records relating to the three named Plaintiffs" (Dkt. #16; Exhibit C). Mahard has thus complied with the Order Governing Proceedings (Dkt. #5) and Local Rule CV-26(d) with respect to the named Plaintiffs. As to unnamed employees, Plaintiff's Request No. 17 is denied for the same reasons discussed in Request No. 1, *supra*. *See Malibu Boats, LLC*, 2016 WL 403650, at *3.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Discovery (Dkt. #16) is hereby **GRANTED** in part and **DENIED** in part. The decision of the Court as to each Interrogatory or Request for Production is as follows:

- Plaintiffs' Interrogatory No. 1. – **GRANTED**.

- Plaintiffs' Interrogatory No. 2. – **DENIED**.

- Plaintiffs Request No. 3. – **DENIED**.

- Plaintiffs' Request No. 13. – **GRANTED**.

- Plaintiffs' Request No. 14. – **GRANTED**.

- Plaintiffs' Request No. 1. **– DENIED**.

- Plaintiffs' Request No. 4. **– DENIED**.

- Plaintiffs' Request No. 5. **– DENIED**.

- Plaintiffs' Request No. 10. **– DENIED**.

- Plaintiffs' Request No. 12. **– GRANTED** in part and **DENIED** in part.

- Plaintiffs' Request No. 17. **– DENIED**.

Defendants have seven (7) days from the issuance of this opinion to respond to Interrogatory No. 1 and to produce the documents relating to Request Nos. 12 (in part), 13, and 14.

**IT IS SO ORDERED.**

   **SIGNED** this 20th day of September, 2019.


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE