# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ISABEL TRANSITO MIRANDA, CESAR BAUTISTA, and CESAR ISLAS, Individually and On Behalf of All Others Similarly Situated<br>*Plaintiffs*,<br><br>v.<br>MAHARD EGG FARM, INC., and MAHARD PULLET FARMS, INC.,<br>*Defendants*. | § § § § § § § § § § § | Civil Action No. 4:19-CV-00092<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Compel Discovery (Dkt. #20). Having considered the Motion and the relevant pleadings, the Court finds that Defendants' Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

This case was filed by Isabel Transito Miranda, Cesar Bautista, and Cesar Islas on behalf of themselves and a class of similarly situated Hispanic employees ("Plaintiffs" or "Hispanic Workers") (Dkt. #1). The workers were all employed, or are currently employed, by Mahard Egg Farm, Inc., and Mahard Pullet Farms, Inc., (collectively "Mahard") "at various times since February 4, 2015" (Dkt. #1). Mahard is a domestic for-profit corporation with various facilities across Texas and Oklahoma, including Chillicothe, Texas that "manages both egg farms and egg processing plants" (Dkt. #1). Mahard hires its employees to "clean, sort, and package eggs" (Dkt. #1). According to Plaintiffs, their time with Mahard was filled with intimidation, abuse, and discrimination (Dkt. #1).

"The Hispanic Workers' work environment," according to the Complaint, "was permeated by intimidation and abuse. Mahard supervisory or management personnel—including Andy Mahard, Oscar San Miguel, and Tony Brown—regularly shouted at, cursed at, physically intimidated, and insulted the Hispanic Workers" (Dkt. #1). For example, Plaintiffs claim that "Mahard supervisory or management personnel hurled race-based insults at the Hispanic Workers"—in Spanish—"such as 'worthless Mexicans," "monkeys," "fucking Hondurans," "stupid Guatemalans," "dumbasses," "motherfuckers," "wetbacks," and "illegals" (Dkt. #1). The supervisory or management personnel also, allegedly, "threatened to have the Hispanic Workers deported if they complained or did not obey orders" (Dkt. #1). In addition to verbal insults, Plaintiffs allege that the staff made "menacing gestures," threw tools and other objects at them, and, "on occasion," shoved, grabbed, or hit them (Dkt. #1). This physical conduct allegedly included sexual assault and harassment of some female Hispanic Workers (Dkt. #1). The personnel also, according to Plaintiffs, scolded the Hispanic Workers for taking rest breaks, "withheld information about their right to file claims for workers' compensation benefits when they were injured," and falsified their hours to deprive them of wages (Dkt. #1).

Along with physical and verbal abuse, the supervisory and management personnel allegedly "subjected the Hispanic Workers to unreasonably dangerous, unsanitary, and degrading conditions because of their race" (Dkt. #1). For example, Plaintiffs contend that Mahard "refused to provide the Hispanic Workers with even the most basic safety and hygiene resources, personal protection equipment, or safety training that is necessary for the work and required by applicable regulations or industry standards" (Dkt. #1). This allegedly included refusing to provide the Hispanic Workers with "safety training, respirators, or gas monitors to protect the Hispanic Workers from dangerous levels of ammonia, hydrogen sulfide, methane, and carbon dioxide

gases . . . ." (Dkt. #1). Further, Mahard allegedly refused to provide work boots, protective masks, earplugs, gloves, or aprons to Hispanic Workers—instead, Hispanic Workers were required to purchase any personal protection equipment themselves (Dkt. #1). On top of allegedly refusing to provide personal protection equipment, Plaintiffs contend that Mahard also refused to provide Hispanic Workers with bathrooms and potable water and required the Workers to "eat in the filthy farm environment, [with] no hand-washing facilities or clean break area" (Dkt. #1). Key to Plaintiffs' claims is the allegation that "the non-Hispanic workers employed by Defendants were treated with more respect" (Dkt. #1).

According to Plaintiffs' Complaint, Isabel Transito Miranda, Cesar Bautista, and other Class Members were discharged after they "opposed or resisted" this alleged conduct (Dkt. #1). As a result of Mahard's allegedly unlawful conduct and subsequent discharge of Plaintiffs, Miranda, Bautista, and Islas filed the present action on behalf of themselves and others similarly situated on February 4, 2019 (Dkt. #1). Plaintiffs claim violations of 42 U.S.C. § 1981 pursuant to Federal Rules of Civil Procedure Rule 23(b)(1), (2), and (3) (Dkt. #1). Plaintiffs seek, among other things, compensatory and punitive damages as well as attorneys' fees and costs (Dkt. #1). Mahard denies all allegations (Dkt. #2).

On April 24, 2019, the Court issued the Order Governing Proceedings (Dkt. #5). In the Order, the Court instructed the parties to produce "[a] copy of all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party" (Dkt. #12). Such production was to be accomplished not later than 10 days after the deadline for the Rule 26(f) conference (Dkt. #12). The Order, pursuant to Local Rule CV-26(d), defined "relevant" as including:

> (1) information that would not support the disclosing parties' contentions; (2) those persons who, if their potential testimony were known, might reasonably be expected to be deposed

or called as a witness by any of the parties; (3) information that is likely to have an influence on or affect the outcome of a claim or defense; (4) information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and (5) information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense

(Local Rule CV-26(d)). The Court then entered its Preliminary Scheduling Order (Dkt. #12) on July 1, 2019. In the Scheduling Order, the Court stated:

> If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline

(Dkt. #12).

Following the issuance of the Court's Preliminary Scheduling Order, Mahard served its first set of Interrogatories and Requests for Production of Documents (Dkt. #20). Plaintiffs objected to multiple of the Interrogatories and Requests for Production (Dkt. #20, Exhibit A). Accordingly, the parties complied with the Court's Preliminary Scheduling Order and sought a telephone conference with the Court (Dkt. #16). The telephone conference occurred on August 6, 2019 (Dkt. #16). At the conference, the Court authorized Mahard—just like Plaintiffs—to file a motion to compel, if necessary (Dkt. #16). Mahard took up the Court's offer and has now filed a Motion to Compel seeking the following information:

1. Plaintiff Miranda
    a. Order Plaintiff Miranda to produce her tax returns for 2010 to present to obtain the names of her other employers. Defendants need this information to determine when and where the alleged assault occurred.
    b. Order Plaintiff Miranda to sign authorizations to obtain employment and medical records to get the complete records. Plaintiffs' counsel has been given several chances to do so, but has failed to comply with the LR and OGP.
    c. Order Plaintiff Miranda to produce the unredacted notes from the report from Crime Victim Services and make a ruling on whether the unredacted report should be produced.
2. Evidence Supporting the EEOC's Letter of Recommendation
    a. Defendants request that Plaintiffs be ordered to provide a compliant privilege log detailing the date of each submission, and a description with adequate detail to

identify the document, the name of the sender and the name of the recipient . . . . In order to avoid the Court having to review voluminous documents, Defendants further request a ruling that any documents submitted to the EEOC prior to June 13, 2019, are not privileged because there was no "common interest privilege."
 3. The Recording of Interview with Rosendo San Miguel, Transcripts, and Submissions [C]ontaining Quotes from the Recording
    a. Defendants request that the recording be produce in its native form without edits and with metadata intact to allow Defendants to verify its authenticity and date when made. Defendants further request that all transcripts of the recording be produced. In addition, all documents submitted to the EEOC purporting to quote from the recording must be produced.
    b. Finally, Rule 26 states that Rule 37(a)(5) applies to the award of expenses. If the recording produced on September 6, was not the complete recording, Defendants request leave to apply for an award of attorneys' fees incurred as a result of the failure to produce the complete recording.
 4. Statement of Plaintiff
    a. The privilege log states that Plaintiffs will provide the statement to the court for an *in camera* review. Defendants request that the Court conduct such a review and make a ruling whether the statement is discoverable.

(Dkt. #20). The Court now considers Mahard's Motion to Compel.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #12 at p. 2). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense . . . ." LOCAL RULE CV-26(d). It is well established that

"control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule

"simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.* The moving party "may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues." *Samsun Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 592 (N.D. Tex. 2017).

**ANALYSIS**

Mahard seeks to discover several categories of information. First, Mahard seeks information surrounding Plaintiff Miranda. Specifically, Mahard seeks: (1) Miranda's tax returns; (2) a signed authorization from Miranda to obtain employment and medical records; and (3) unredacted notes and records from Crime Victim Services. Second, Mahard seeks evidence supporting the EEOC's Letter of Recommendation. Here, Mahard requests: (1) a compliant privilege log or, in the alternative; (2) a ruling by the Court that there is no "common interest privilege" present. The third category concerns the recording of Rosendo San Miguel, the transcripts from that recording, and any submissions containing quotes from the recording.

Mahard requests that: (1) the recording be produced in its native form with metadata intact; (2) all transcripts from the recording; (3) any documents submitted to the EEOC quoting the recording; and (4) if the recording that was produced was incomplete, leave to apply for an award of attorneys' fees. The fourth, and final category concerns the "Statement of Plaintiff." Mahard requests that the Court conduct an *in camera* review of the statement to determine whether the statement is discoverable. Plaintiffs oppose Mahards' Motion to Compel. The Court addresses each disputed discovery issue in turn.

1. Plaintiff Miranda

Mahard seeks Miranda's tax returns, a signed authorization from Miranda to obtain employment and medical records, and unredacted notes from Crime Victim Services. As to Miranda's tax returns, tax returns are in no way relevant to discovering whether Miranda was sexually assaulted and where the alleged sexual assault occurred. *See Crosby*, 647 F.3d at 262. Thus, Mahard's request for Miranda's tax returns is denied.

Mahard next seeks a signed authorization from Miranda to obtain employment and medical records. Again, employment records are irrelevant when it comes to ascertaining the facts surrounding an alleged sexual assault. *Id.* Thus, there is no need for Plaintiffs to produce those records. Further, Plaintiffs unequivocally state that they have "fully complied with their obligations regarding Plaintiff Miranda's medical records" (Dkt. #23). This statement—made with full knowledge of the requirements of Rule 11—demonstrates that Plaintiffs have complied with turning over all medical records. Thus, both of Mahard's requests are denied.

Finally, Mahard seeks the unredacted notes and records from Crime Victim Services. Plaintiffs have not responded to this request and have thus waived it. Accordingly, Plaintiffs are hereby ordered to file the unredacted notes and report from Crime Victims Services with the Court.

*See United States v. Homeward Residential, Inc.*, 2016 WL 1031154 at *3–4 (E.D. Tex. 2016) ("Federal courts maintain broad discretion in discovery matters. The election to conduct an *in camera* review of documents is well within the bounds of that discretion.") (citation omitted). The Court will then conduct an *in camera* review to determine whether the notes and report should be produced. *Id.*

  2. Evidence Supporting the EEOC's Letter of Recommendation

The Court has already held that "documents related to correspondence with the attorneys or legal research" are privileged (Dkt. #23, Exhibit A, Tr. At 30:15–17). It will not address this argument again. The privilege log produced by Plaintiffs, on the other hand, is entirely insufficient. Plaintiffs cursorily provide the description "[c]ommunications and legal research shared with EEOC attorneys in anticipation of litigation" accompanied by the phrase "various dates" for the date that the privileged materials were created (Dkt. #20, Exhibit B). Federal Rule of Civil Procedure 26(b)(5)(A) states that a privilege log must state "the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. PRO. 26(b)(5)(A). Plaintiff's privilege log is not within the realm of complying with the federal rules. Accordingly, Plaintiff is ordered to re-submit a privilege log that complies with the requirements of Rule 26(b)(5)(A).

  3. The Recording of Interview with Rosendo San Miguel, Transcripts, and Submissions Containing Quotes from the Recording

Mahard requests the recording of Mr. Rosendo San Miguel which occurred "[o]n or about September 24, 2015" (Dkt. #23) as well as any transcripts or submissions of quotes from that recording. As Plaintiffs state, however, "Plaintiff's already provided Defendants with the complete recording of Mr. San Miguel's interview" (Dkt. #23). Further, "Plaintiffs did not edit

9

the record. Plaintiffs did not make transcripts of the recording. [And] Plaintiffs did not submit any documents to the EEOC that quote from the recording" (Dkt. #23). Because Plaintiffs have already produced the recording and there are no transcripts or submissions of quotes, Mahard's requests are denied.

4. Statement of Plaintiff

Plaintiffs and Mahard agree that *in camera* review of the Statement by Plaintiff is warranted. Accordingly, Plaintiffs are hereby ordered to file the Statement of Plaintiff with the Court. The Court will then conduct an *in camera* review and determine if the Statement should be produced. *See Homeward Residential, Inc.*, 2016 WL 1031154 at *3–4.

## CONCLUSION

It is therefore **ORDERED** that each dispute is resolved as follows:

1. Plaintiff Miranda

    - Motion for Miranda's Tax Returns: **DENIED**.

    - Motion for Signed Authorization Form to Obtain Employment and Medical Records: **DENIED**.

    - Motion for Unredacted Notes and Record from Crime Victim Services**:** **GRANTED** – Plaintiffs are hereby **ORDERED** to file the unredacted notes and record from Crime Victim Services with the Court so that the Court may conduct an *in camera* review of said documents.

2. Evidence Supporting the EEOC's Letter of Recommendation

    - Motion to Provide a Compliant Privilege Log: **GRANTED**.

    - Motion to Produce: **DENIED**.

3. The Recording of Interview with Rosendo San Miguel, Transcripts, and Submissions Containing Quotes from the Recording

    - Motion to Produce the Recording: **DENIED**.

    - Motion to Produce any Transcripts: **DENIED**.

    - Motion to Submit all Documents Containing Quotes Submitted to the EEOC: **DENIED**.

    - Motion for Leave to Apply for an Award of Attorneys' Fees: **DENIED**.

4. Statement of Plaintiff

    - Motion for *In Camera* Review of the Statement: **GRANTED** – Plaintiffs are hereby **ORDERED** to file the Statement of Plaintiff with the Court so that the Court may conduct an *in camera* review of said statement.

Plaintiffs have seven (7) days from the issuance of this opinion to file the Unredacted Notes and Record from Crime Victim Services and Statement of Plaintiff with the Court.

**IT IS SO ORDERED**.

**SIGNED this 15th day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE