# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ISABEL TRANSITO MIRANDA, CESAR BAUTISTA, and CESAR ISLAS, Individually and On Behalf of All Others Similarly Situated | § § § § § § § § § § § § | Civil Action No. 4:19-CV-00092 Judge Mazzant |
| *Plaintiffs*, | | |
| v. | | |
| MAHARD EGG FARM, INC., and MAHARD PULLET FARMS, INC., | | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

On October 15, 2019, the Court entered its Order granting in part and denying in part Defendants' Motion to Compel Discovery (Dkt. #20). In that Order, the Court directed Plaintiffs to submit to the Court the unredacted notes and record from Crime Victim Services and the Statement of Plaintiff so that the Court could conduct an *in camera* review of said documents. Having reviewed Plaintiff's submissions, the Court hereby finds that the Motion to Compel the unredacted notes and record from Crime Victim Services is **DENIED** and the Motion to Compel the Statement of Plaintiff is **GRANTED**.

## BACKGROUND

For a full discussion of the facts related to this Order, see Dkt. #26.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La.*

*Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #12 at p. 2). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on

the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.* The moving party "may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues." *Samsun Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 592 (N.D. Tex. 2017).

**ANALYSIS**

Mahard requests that the Court compel the production of the unredacted notes and record from Crime Victim Services and the Statement of Plaintiff. The Court finds that the unredacted

3

notes and record from Crime Victim Services should not be produced. As to the Statement of Plaintiff, the Court is of the opinion that by accusing one of Mahard's employees of sexual assault and explicitly including such allegations as an argument for Mahard's requested relief, Mahard has put the alleged conduct at issue. Accordingly, the Court holds that Mahard is entitled to receive the Statement of Plaintiff to review the contents contained within it. *Crosby*, 647 F.3d at 262.

## CONCLUSION

It is therefore **ORDERED** that Defendants:

- Motion to Compel the Production of the Unredacted Notes and Record from Crime Victim Services (Dkt. #20) is **DENIED**.

- Motion to Compel the Production of the Statement of Plaintiff (Dkt. #20) is **GRANTED**.

Plaintiffs have seven (7) days from the issuance of this opinion to produce the Statement of Plaintiff.

**IT IS SO ORDERED**.

**SIGNED this 7th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE