# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **TRANCITO ISABEL MIRANDA,** | § | |
| **CESAR BAUTISTA, and CESAR** | § | |
| **ISLAS, Individually and On Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **C.A. NO. 4:19-cv-00092-ALM** |
| **v.** | § | **JUDGE MAZZANT** |
| | § | |
| **MAHARD EGG FARM, INC., and** | § | |
| **MAHARD PULLET FARMS, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs Trancito Isabel Miranda, Cesar Bautista, and Cesar Islas (collectively, "Named Plaintiffs" or "Class Representatives"), individually and on behalf of the proposed Settlement Class (as that term is defined below), and Defendants Mahard Egg Farm, Inc., and Mahard Pullet Farms, Inc., hereby enter into this Settlement Agreement to resolve this class action and to fully and finally end all claims of race- or ethnicity- based hostile work environment that were or could be brought against Mahard by the Named Plaintiffs and/or all members of the Settlement Class.

**I.    RECITALS**

1.    On February 4, 2019, the Named Plaintiffs filed a proposed class action against Defendants in the United States District Court for the Eastern District of Texas. The case is styled *Miranda, et al. v. Mahard Egg Farm, Inc., et al.*, Case No. 4:19-cv-00092 (E.D. Tex.).

2.    The operative complaint in this Action alleges that Defendants subjected the Named Plaintiffs and the Settlement Class at Defendants' facilities in Chillicothe, Texas, to an objectively

1

hostile and abusive work environment on account of their race and/or national origin, thereby violating the Civil Rights Act of 1866 (42 U.S.C. § 1981) and the Civil Rights Act of 1964 (Title VII). The First Amended Complaint further alleges that Defendants subjected Named Plaintiff Miranda to discrimination and retaliation on the basis of her sex in violation of Title VII.

3.      The Parties engaged in written discovery, with all Parties providing interrogatory and document request responses. Additionally, the Parties undertook significant motion practice and discussions related to the Action. The Parties collectively filed two motions to compel, the Named Plaintiffs filed a motion for a protective order, and the Defendants filed a motion to dismiss.

4.      To date, Class Counsel has conducted a 30(b)(6) deposition and deposed Defendants' key managers, including Oscar San Miguel and Tony Brown. Defendants have deposed the Named Plaintiffs and provided Class Counsel with the names and contact information of members of the Settlement Class. The Parties have obtained documents and gathered declarations from class members and other witnesses. In particular, the Named Plaintiffs have produced declarations from Efrain Alarcon, Roxana Alarcon Chavez, Victor Corpus Casillas, Fabricio Reyna Ferrer, Noel Gonzalez, and Edgar Reyna. Additionally, the Named Plaintiffs have drafted declarations from Claudia Madrigales, Sabino Ruiz, and Mark Gonzalez.

5.      On November 11, 2019, the Parties attended a full-day mediation in Dallas with Gloria Portela, whom the Parties selected by mutual agreement to mediate this case. The Parties did not reach a settlement at mediation; however, they continued negotiations through Ms. Portela until December 30, 2019, on which date the Parties reached an agreement in principle to settle all claims of the Named Plaintiffs and Settlement Class asserted in the Action.

6.      Defendants deny that they have engaged in any wrongdoing; do not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or

2

claims that have been or could have been alleged against them; deny that the claims in the Action are suitable for class treatment other than for settlement purposes; and deny that they have any liability whatsoever, but have agreed to this Settlement Agreement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to their business operations.

7.      Based upon their analysis and evaluation of several factors, Class Counsel recognize the substantial risks of continued litigation and delay, including the likelihood that the Action, if not settled now, might not result in any recovery for the Named Plaintiffs and Settlement Class.

8.      Class Counsel have conducted a thorough study and investigation of the law and facts relating to the claims that were asserted in the Action and that could have been asserted, as well as a thorough study and investigation of the scope and identity of the Settlement Class (which are based in part on Defendants' discovery responses), and have concluded, taking into account the benefits of this Settlement and the risks and delay of further litigation, that this Settlement is fair and reasonable and in the best interests of the Named Plaintiffs and Settlement Class.

9.      Subject to the approval of the Court, the Parties wish to settle this Action, effect a compromise, and terminate the Action fully and finally, with prejudice.

10.     In light of the above recitals, the Parties understand and agree that the claims asserted in the Action shall be settled, compromised, and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

## II.      **DEFINITIONS**

11.     <u>Action</u> or <u>Litigation</u> means this lawsuit, styled as *Miranda, et al. v. Mahard Egg Farm, Inc., et al.*, Case No. 4:19-cv-00092 (E.D. Tex.).

12.    <u>Agreement</u> or <u>Settlement</u> means this Settlement Agreement and Release.

13.    <u>Claims Deadline</u> means the date the Court establishes as the deadline by which Settlement Class Members must mail and postmark, or return via text message or WhatsApp, a Claim Form in order to receive money through this Settlement. The Parties shall jointly request that this date shall be no less than sixty (60) days after the mailing of Postcard Notice.

14.    <u>Claim Form</u> means the postage pre-paid Claim Form attached to the Postcard Notice that is attached hereto as Exhibit A.

15.    <u>Class Counsel</u> means the lawyers for the Named Plaintiffs and Settlement Class, which are Nichols Kaster, PLLP, and Equal Justice Center and Transnational Worker Rights Clinic.

16.    <u>Class List</u> means a list of all members of the Settlement Class attached hereto as Exhibit B.

17.    <u>Class Representatives</u> or <u>Named Plaintiffs</u> means Trancito Isabel Miranda, Cesar Bautista, and Cesar Islas.

18.    <u>Court</u> means the United States District Court for the Eastern District of Texas.

19.    *Cy Pres* Recipient means the National Center for Farmworker Health, Inc., an organization that provides information services, training and technical assistance, and a variety of products to community and migrant health centers nationwide.

20.    <u>Declarants</u> means Efrain Alarcon, Roxana Alarcon Chavez, Victor Corpus Casillas, Fabricio Reyna Ferrer, Noel Gonzalez, Edgar Reyna, Claudia Madrigales, Sabino Ruiz, and Mark Gonzalez.

21.    <u>Defendants</u> or <u>Released Parties</u> or <u>Mahard</u> means Defendants Mahard Egg Farm, Inc.; Mahard Pullet Farms, Inc.; and Mahard Egg Company, LLC, as well as their respective

4

present, former and future affiliates, parents, subsidiaries, corporate family members, officers, directors, partners, employees, agents, attorneys, heirs, vendors, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, and assigns, individually, jointly and severally.

22.     <u>Effective Date</u> means the first day after the first date on which all of the following have occurred:

a.     All Parties, Class Counsel, and Defendants' counsel have executed this Agreement;

b.     The Court has issued a preliminary approval order;

c.     Reasonable notice has been given to the Settlement Class, including providing them an opportunity to submit Claim Forms and opt out of or object to the Settlement;

d.     The Court has held a fairness hearing, entered Final Judgment approving the Settlement, awarded the Class Representatives and Declarants any service payments, awarded Named Plaintiff Miranda her individual settlement amount, and awarded Class Counsel their reasonable attorneys' fees and costs; and

e.     Only if there is one or more written objections filed before the fairness hearing and those objection(s) are not later withdrawn, the last of the following events occurs:

i.     If no appeal is filed, then the date on which the objector's time to appeal the Final Judgment has expired with no appeal or any other judicial review having been taken or sought; or

5

ii.    If an appeal of the Final Judgment has been timely filed or other judicial review was taken or sought, the date that order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

It is the intention of the Parties that the Settlement shall not become effective until the Court's Final Judgment has become completely final and until there is no timely recourse by an appellant or objector who seeks to contest the Settlement.

23.    <u>Final Approval Order</u> or <u>Final Judgment</u> means the Court's order granting final approval of this Settlement.

24.    <u>Long Form Notice</u> means the notice attached hereto as Exhibit C, which shall be provided in both English and Spanish on the Settlement Website.

25.    <u>Maximum Settlement Amount</u> or <u>"MSA"</u> means $495,000, which shall be the total amount to be paid by Defendants. The MSA is the total from which the Named Plaintiffs, Declarants, and Settlement Class Members will be paid, from which all out-of-pocket costs of settlement administration will be paid, and from which Class Counsel's attorneys' fees, costs, and expenses will be paid; from which Named Plaintiff Miranda's individual settlement amount will be paid; and Named Plaintiffs' and Declarants' service payments, if approved by the Court, will be paid. Defendants will pay the MSA into a common fund, which shall be established and maintained by the Settlement Administrator as a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The Settlement Administrator, on behalf of the Settlement Class, shall be responsible for all administrative, accounting and tax compliance

6

activities in connection with the Qualified Settlement Fund, including any filing necessary to obtain Qualified Settlement Fund status pursuant to Treas. Reg. § 1.468B-1. Defendants shall provide to the Settlement Administrator any documentation necessary to facilitate obtaining Qualified Settlement Fund status. The MSA shall represent the full extent of Defendants' financial obligations under this Settlement Agreement. There shall be no reversion to Defendants from the MSA under any circumstance.

26.     Named Plaintiff Miranda's Individual Settlement Amount means $56,950, which shall be the total amount of money Named Plaintiff Miranda will receive to settle her individual sex discrimination and retaliation claims, separate and apart from her Named Plaintiff service payment and any payment she receives pursuant to paragraph 37 below.

27.     Net Settlement Fund means the amount of money remaining after the MSA is reduced by the following amounts, if approved: (a) the service payments to the Named Plaintiffs and Declarants; (b) Named Plaintiff Miranda's Individual Settlement Amount; (c) reasonable attorneys' fees and costs to Class Counsel; and (d) the fees of the Settlement Administrator.

28.     Opt-Out Deadline or Objections Deadline means the date the Court establishes as the deadline by which members of the Settlement Class must mail and postmark a written notice of their intent to opt-out of the Settlement and by which objections to the preliminarily approved Settlement must be filed with the Court. The Parties shall jointly request that this date shall be sixty (60) days after the mailing of Postcard Notice.

29.     Postcard Notice means the double-sided postcard attached hereto as Exhibit D, subject to Court approval, which the Settlement Administrator will mail, via first class U.S. mail, to each member of the Settlement Class, and which contains the Claim Form.

30.     Parties means the Class Representatives and Defendants.

7

31.     <u>Settlement Administrator</u> means Atticus Administration, LLC, who was chosen following a competitive bidding process and based on price, input from the administrators bidding, and Class Counsel's experience.

32.     <u>Settlement Class</u> means the following:

*All Hispanic individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farm, Inc., at Mahard's Chillicothe, TX, facility at any time from January 14, 2015, to the present.*

The Settlement Class is comprised of approximately 558 individuals.

33.     <u>Settlement Class Member</u> means any individual who is a member of the Settlement Class who does not file a timely and valid written notice of intent to opt-out by the Opt-Out Deadline.

34.     <u>Settlement Website</u> means a website to be established and maintained by Class Counsel, at a URL to be agreed upon by the Parties, and as described below in paragraph 45.

35.     <u>Valid Claim Form</u> means a Claim Form that has been signed, mailed, and postmarked, or signed and returned via text message or WhatsApp, by the Claims Deadline.

## III.     **RELIEF AND BENEFITS**

### A.     **MONETARY RELIEF**

36.     In exchange for the release of claims described below, Defendants shall pay the MSA of $495,000, which shall be distributed as discussed in this section.

37.     <u>Distribution of Net Settlement Fund to Settlement Class Members</u>: Any member of the Settlement Class who does not opt-out and who returns a Valid Claim Form by the Claims Deadline shall receive a payment from the Net Settlement Fund. The entire Net Settlement Fund shall be distributed to Settlement Class Members who timely return Claims Forms. The portion of the Net Settlement Fund allocated to Settlement Class Members who return timely Claim Forms

shall be divided proportionally among Settlement Class Members but weighted according to length of employment. Settlement Class Members' lengths of employment will initially be determined based on the dates of employment they list on their Claim Forms. If a Settlement Class Member has not filled out dates of employment on the Claim Form, or if the dates of employment are illegible, then the Settlement Administrator will defer to the dates of employment that Mahard previously provided in discovery.

38.     <u>Service Payment to Class Representatives</u>: Class Counsel will petition the Court for a $10,000 service payment to each Class Representative, in consideration for his or her service as a Named Plaintiff and as consideration for the general release of claims each is giving Defendants pursuant to paragraph 52 below. Further, Class Counsel will petition the Court for a service payment of $10,000 each to Declarants Noel Gonzalez and Victor Corpus Casillas, in consideration for their service and involvement in the case at its outset, their willingness to serve as Named Plaintiffs, and their allegedly retaliatory termination from Mahard, as well as consideration for a general release of claims pursuant to paragraph 52 below. Further, Class Counsel will petition the Court for service payments of $2,500 each to the seven remaining Declarants: Efrain Alarcon, Roxana Alarcon Chavez, Fabricio Reyna Ferrer, Edgar Reyna, Claudia Madrigales, Sabino Ruiz, and Mark Gonzalez. If approved by the Court, these service payments will be paid to the Class Representatives and Declarants by the Settlement Administrator at the same time that checks are issued to the Settlement Class Members provided that the person set to receive the service payment has not opted out and provided that, if the person is a non-signatory to this Agreement, they sign a general release of claims that mirrors that in paragraph 52 and is attached as Exhibit F within 14 days of the Effective Date. Class Counsel shall be responsible for transmitting Exhibit F to those persons for signature and for providing signed copies of the same

to the Settlement Administrator and Defendants' counsel. These amounts shall be in addition to the amounts paid to the Class Representatives and Declarants pursuant to paragraph 37 above. Should the Court decline to approve any requested payment, or reduce such payment, the Settlement shall still be effective.

39.     <u>Attorneys' Fees and Costs</u>: Class Counsel may apply to the Court for an award of fees and costs to be paid exclusively from the MSA. The application for attorneys' fees shall be in an aggregate sum not to exceed one-third of the MSA. Costs shall be paid from the MSA in addition to attorneys' fees in the amount in which they were or are incurred by Class Counsel and are approved for reimbursement by the Court. Costs incurred by Class Counsel that are associated with the administration of the Settlement (including establishment and maintenance of the Settlement Website) shall also be eligible for reimbursement from the MSA if approved by the Court. Should the Court decline to approve any requested payment, or reduce such payment, the Settlement shall still be effective.

40.     <u>Settlement Administrator's Expenses</u>: Reasonable expenses of the Settlement Administrator shall be paid from the MSA up to a total of $20,000.

41.     <u>Redistribution and *Cy Pres*</u>: Settlement Class Members shall have 180 days after checks are mailed to negotiate their checks ("Check Negotiation Period"). Thirty (30) days following the close of the Check Negotiation Period, the Settlement Administrator shall distribute any remaining amounts in the Net Settlement Fund to Settlement Class Members who negotiated their initial settlement check, less any settlement administration expenses associated with the redistribution. Such redistribution shall be proportionate to the original distribution. However, if any redistribution check amount would be less than $10, then the remaining amounts in the Net Settlement Fund will not be redistributed and shall, instead, be donated to the *Cy Pres* Recipient.

10

Amounts remaining uncashed ninety (90) days after the redistributed checks are mailed shall be donated to the *Cy Pres* Recipient.

42.     <u>Taxes</u>: The Settlement Administrator on Defendants' behalf will issue to each Settlement Class Member who received and cashed his or her settlement check, an IRS Form 1099 if required by law and within the time required by law.

a.      The Settlement Administrator shall not issue an IRS Form 1099 to Named Plaintiff Miranda for Named Plaintiff Miranda's Individual Settlement Amount as said payment is intended by the Parties as compensation to Named Plaintiff Miranda for her non-taxable physical injuries.

b.      Each Settlement Class Member shall be obligated to obtain his or her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration he or she receives or obtains pursuant to this Agreement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement, without any contribution whatsoever from the Defendants or Class Counsel.

c.      Nothing in this Agreement shall be construed as Defendants or Class Counsel providing any advice regarding the payment of taxes or the tax consequences of a Settlement Class Member's participation in any portion of this Agreement.

11

## IV.    NOTICE AND RELATED PROCESSES; CLAIM, OBJECTION, AND OPT-OUT REQUIREMENTS

### A.    NOTICE, WEBSITE, AND PHONE SUPPORT

43.    Within thirty (30) days of Preliminary Approval, the Settlement Administrator shall mail the Postcard Notice to members of the Settlement Class via first class U.S. mail.

44.    Prior to mailing, the Settlement Administrator shall utilize the U.S. Postal Office's National Change of Address System and appropriate proprietary software to verify and/or update Settlement Class addresses. Should any Postcard Notice be returned as undeliverable or returned with a forwarding address, the Settlement Administrator shall re-mail the Postcard Notice to the forwarding address and, if no forwarding addresses was provided, utilize any other legally available database for the purpose of finding new addresses and remailing.

45.    Class Counsel shall cause the Settlement Website to "go live" on the date that the Postcard Notice is mailed. The Settlement Website shall:

      a.    Contain the content on Exhibit E, including the Long Form Notice in English and Spanish;

      b.    Provide members of the Settlement Class with information on how to update their contact information;

      c.    Contain copies of pleadings filed with the Court in this matter, including the operative First Amended Complaint, this Agreement, and copies of any orders issued by the Court in connection with this Settlement;

      d.    Direct individuals to call Class Counsel as necessary, as described below in paragraph 49;

      e.    Absent agreement by the Parties, not be taken down until the initial check

mailing deadline; and

    f.    Be updated as appropriate regarding developments in the Litigation, such as the establishment of new deadlines by the Court or the filing of an appeal.

46.    Class Counsel shall provide toll-free phone support for all questions related to claims for settlement funds for a period of no less than thirty (30) days following the end of the Check Negotiation Period.

## B.    CLAIM FORMS

47.    Members of the Settlement Class shall be allowed to mail, email, fax, text message, or WhatsApp message their Claim Form to the Settlement Administrator. If mailed, Claim Forms must be postmarked on or before the Claims Deadline. If submitted in a manner other than mail, Claim Forms must be received by the Settlement Administrator on or before the Claims Deadline. Members of the Settlement Class who do not sign and timely return their Claim Forms will not be eligible for payment.

## C.    OBJECTION AND OPT-OUT REQUIREMENTS

48.    <u>Right to Opt Out</u>: All members of the Settlement Class will have the right to be excluded from, *i.e.*, to "opt out" of, the Settlement. On or before the Opt-Out Deadline, each member of the Settlement Class who elects to opt out of the Settlement must send, by first class U.S. mail, written notice addressed to the Settlement Administrator indicating his or her name and address and stating that he or she desires to opt out of the Settlement or otherwise does not want to participate in the Settlement. Any member of the Settlement Class who does not timely (as measured by the postmark on that individual's written notice) opt out of the Settlement by written notice correctly directed to the Settlement Administrator and containing the requisite information shall remain a member of the Settlement Class and shall be bound by any orders of the Court about

13

the Settlement or the Settlement Class. In no event shall members of the Settlement Class who purport to opt out of the Settlement as a group, aggregate, collective, or class involving more than one member of the Settlement Class be considered a successful opt out. Any member of the Settlement Class who fails to timely and validly opt out of the Settlement under this Settlement Agreement shall be bound by the terms of this Settlement. The Named Plaintiffs, Class Counsel, Defendants, and Defendants' counsel agree not to seek or solicit opt outs, or otherwise encourage opt outs, directly or indirectly, through any means.  The Settlement Administrator will notify Class Counsel and Counsel for Defendants within one business day of their receiving an opt out notice and forward a copy of all such notices to both Class Counsel and Counsel for Defendants. As of the date this Agreement is executed, Class Counsel is unaware of any person who intends to opt out of this Settlement. In the event that (A)  either (1) any Declarant, OR (2) four Class Members, opt out AND (B) after meeting and conferring with Class Counsel, Defendants' Counsel believes both that there is an appreciable risk of litigation and also that any individual or the aggregate liability estimate of opt outs would exceeds 25k, then Defendants have the option in their discretion to void this Agreement.  Defendants may exercise this option only by providing written notice to Class Counsel after conferring and to the Court prior to the Court's Final Approval Order. Upon such notice, this Agreement shall be void and of no force and effect and the MSA will be returned to Defendants.

     49.   <u>Objections</u>: Any Settlement Class Member who wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court, and mail a copy of that objection with the requisite postmark to the Settlement Administrator no later than the Objections Deadline. The Settlement Administrator shall transmit the objection to Class Counsel and Defendants' counsel, within one (1) business day of receipt. The objection must state the case

name and number; the basis for and an explanation of the objection; the name, address, telephone

number, and email address of the Settlement Class Member making the objection; and a statement

of whether the Settlement Class Member intends to appear at the fairness hearing, either with or

without counsel. In addition, any objection must be personally signed by the Settlement Class

Member and, if represented by counsel, then by counsel. Any Settlement Class Member who fails

to make objections in the manner specified above shall be deemed to have waived any objections

and shall be foreclosed from making any objections, whether by appeal or otherwise, to the

Settlement. No Settlement Class Member shall be entitled to contest in any way the approval of

the terms and conditions of this Agreement or the Court's Final Approval Order or Final Judgment

except by filing and serving written objections in accordance with the provisions of this

Agreement. Any Settlement Class Member who fails to object in the manner prescribed shall be

deemed to have waived and shall be foreclosed forever from raising any objections to the

Settlement. Class Counsel and Defendants agree that no payments or other consideration shall be

provided to any objector or to counsel for any objector to the Settlement in connection with the

objector withdrawing an objection, foregoing the right to appeal an objection, or withdrawing an

appeal unless such payment is disclosed to and approved by the Court. Class Counsel recognizes

the conflict that would arise if they were to represent any individual who objects to the Settlement.

## V.     CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23

50.     The Parties stipulate to class certification pursuant to Fed. R. Civ. P. 23 for purposes

of settlement only. Defendants contend that the facts do not justify class certification under the

governing legal standards; should the Settlement not be approved by the Court, Defendants

specifically reserve their right to contest a future motion for class certification. The Court has not

ruled on class certification in the underlying Litigation. Consequently, the Parties will request

approval of a Settlement Class for purposes of administration and resolution of this Action only. It is not, and it should not be, construed as any admission of fact or law in this Action or any other matter that class certification is appropriate. If the Court does not grant either preliminary or final approval of this Settlement, and the Settlement is not effectuated in any other jurisdiction, then the Parties agree to revert to their previous positions and Defendants will not stipulate to class certification, and will specifically deny the appropriateness thereof. For settlement purposes only, Defendants will stipulate that the Settlement Class as defined above may be certified.

VI.     **RELEASE OF CLAIMS**

        51.     Settlement Class Release: On the Effective Date of this Settlement Agreement, for the Settlement Class benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Named Plaintiffs and Class Counsel, all Settlement Class Members who have not timely and properly opted out of the Settlement fully and forever release, waive, acquit, and discharge the Released Parties from any and all claims brought in the Complaint and First Amended Complaint in this Action, or any claim for race or national origin discrimination under state or federal law that could have been brought based on the facts alleged in the Complaint and First Amended Complaint. Similarly, any person or persons acting or purporting to act on behalf of a Settlement Class Member fully and forever releases, waives, acquits, and discharges the Released Parties from any and all claims brought in the Complaint and First Amended Complaint in this Action, or any claim for race or national origin discrimination under state or federal law that could have been brought based on the facts alleged in the Complaint and First Amended Complaint. Except as contained in individual settlement agreements signed by the Named Plaintiffs and the Declarants, Settlement Class Members are not releasing any claims not asserted on their behalf in this Action in the Complaint or First Amended Complaint. The

16

Parties agree that the payments made hereunder are meant to compensate Settlement Class Members for all harms incurred as a result of the allegations set forth in the Complaint and First Amended Complaint. <u>It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Settlement Class Member Released Claims</u>. Further, the Parties will jointly request the Court to enter an order of approval of the Settlement containing a settlement bar as to all claims at issue in this Litigation. Released Parties expressly state that the full and final release of claims by Settlement Class Members, Named Plaintiffs, and Declarants, as described above, is a material term of this Agreement, without which Released Parties would not be willing to enter into this Agreement.

52.     <u>General Releases by Named Plaintiffs and Declarants</u>: Except as set forth with regard to Named Plaintiff Miranda below, each Named Plaintiff signing below and each Declarant who timely signs the General Release contained in Exhibit F and as described above in paragraph 38, on behalf of themselves and their agents, insurers, representatives, attorneys, assignees, heirs, executors, vendors, and administrators, hereby release and forever discharge the Released Parties, to the fullest extent permitted by law, from any and all claims the releasing parties have by reason of any cause, matter or thing whatsoever, from the beginning of the world to the date on which the final Settlement Agreement is executed, including both known and unknown and suspected and unsuspected claims and causes of action in addition to or different from those which he or she now knows or believes to be true with respect to the allegations and subject matters in this case and including but not limited to any claims relating to his or her employment with Defendants. Notwithstanding the General Release set forth above, Named Plaintiff Miranda's release of claims for sexual harassment and sexual assault is contingent upon the Court's approval of her individual settlement. Provided that the Court approves her individual settlement, in addition to the general

17

release above, Named Plaintiff Miranda hereby releases and forever discharges the Released Parties from any and all sexual harassment and sexual assault claims.

## VII.   NO ADMISSION OF LIABILITY

53.     Defendants do not admit any liability, and this Settlement shall not constitute an admission of liability by Defendants. Nothing in this Agreement nor any action taken under it shall be deemed or construed as an admission of wrongdoing of any nature on the part of Defendants with respect to any allegations or claims, nor does it constitute an admission that others are similarly situated or that any putative class meets the requirements for class certification. It is specifically understood and agreed that the benefits provided in this Agreement are being paid or provided in full and final settlement of disputed claims, and that such payment and the providing of such benefits does not constitute and shall not be construed as any admission or evidence of fault or liability on the part of Defendants or any of their agents or related entities, past or present, and shall not be admissible in any proceeding as evidence of fault, liability or wrongdoing by anyone. Defendants expressly deny that they were at fault and that they are liable to the Named Plaintiffs or any members of the Settlement Class for any amounts. Further, class certification in all instances shall be based on Defendants' waiver -- for settlement purposes only -- of any arguments that may exist to defeat class certification, and shall not be construed as an admission by Defendants as to the suitability of class treatment or of any applicable law presented to the Court.

## VIII.   TIMING OF BRIEFING, FINAL FAIRNESS HEARING, AND PAYMENTS

54.     Named Plaintiffs shall endeavor to move for preliminary settlement approval by February 14, 2020, shall propose the preliminary approval order attached hereto as Exhibit E, and shall request that the Settlement be preliminarily approved without a formal hearing and based on the submission of pleadings only. As of the date this Agreement is executed, Class Counsel

represents that they are unaware of any person who intends to object to or opt out of the Settlement. Defendants shall not oppose the motion for preliminary approval.

55.     Named Plaintiffs will file their Motion for Attorneys' Fees and Costs, Class Representative and Declarant Service Payments, and Payment of the Settlement Administrator's Expenses no later than fourteen (14) days before the Opt-Out Deadline.

56.     Named Plaintiffs shall move for final settlement approval no later than thirty (30) days following the Objection deadline, and in cooperation with Defendants' counsel, Class Counsel shall propose the Final Approval Order attached hereto as Exhibit E. Defendants shall not oppose that motion, and the Parties shall jointly request a fairness hearing as soon as is practicable but no sooner than forty-five (45) days following the Objection Deadline.

57.     No later than five (5) business days following the Effective Date, Defendants shall wire the Net Settlement Fund and any awarded Service Payments to the account established by the Settlement Administrator.

58.     As soon as is practicable, but no later than thirty (30) days following the Effective Date, the Settlement Administrator shall mail checks to all Settlement Class Members who do not opt out and who submitted timely Claim Forms, including the service payments to the Class Representatives and to those Declarants who have not opted out and who have returned a signed and timely general release in the form of Exhibit F.

59.     As soon as is practicable, but no later than thirty (30) days following the Effective Date, Defendants shall wire any approved attorneys' fees and costs to Class Counsel.

IX.     **JURISDICTION AND SETTLEMENT CONTINGENT ON APPROVAL**

60.     Jurisdiction: The Parties shall request that the Court retain jurisdiction to enforce the Settlement Agreement for one year after the Effective Date.

19

61.    <u>Settlement Contingent on Final Approval</u>: This Settlement is contingent upon final approval of a class action settlement on behalf of the Settlement Class described herein. In the event that a court of competent jurisdiction rejects any portion of this Settlement Agreement, the Parties agree that they will go back to mediation with Gloria Portela as soon as practicable. In the event that a court of competent jurisdiction does not finally approve such settlement for the Settlement Class, this Agreement shall have no effect. The Parties agree that if, for any reason, the Settlement is not finally approved, the Parties shall immediately take all necessary steps to decertify the Settlement Class, if it was certified, and that certification or denial of certification shall not be used by any person or entity or the Court as a basis for certifying or denying certification of any class for litigation purposes.

62.    <u>Settlement Modification</u>. The Parties may agree by stipulation executed by counsel for all Parties to modify the exhibits to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court about the contents of such exhibits without the need to further amend this Agreement. Any stipulation modifying the Settlement must be filed with the Court and is subject to the Court's approval.

## X.    **<u>MISCELLANEOUS</u>**

63.    <u>Authority</u>: The signatories below represent they are fully authorized to enter into this Agreement and to bind the Parties and the Settlement Class Members.

64.    <u>Best Reasonable Efforts and Mutual Full Cooperation</u>: The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties to this Agreement will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may

become necessary or ordered by the Court, or otherwise, to effectuate this Agreement and the terms

set forth in it and to ensure that checks are mailed to Settlement Class Members in a timely manner.

65. <u>Entire Agreement</u>: This Agreement, together with its exhibits, constitutes the full and entire agreement among the Parties with regard to the subject matter and supersedes all prior representations, agreements, promises, or warranties, written, oral, or otherwise. No party shall be liable or bound to any other party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in or attached to this Agreement.

66. <u>Binding</u>: This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

67. <u>No Prior Assignments</u>: The Named Plaintiffs represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or that are rights released or discharged in this Settlement except as set forth in this Agreement.

68. <u>Construction</u>: The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms-length negotiations between the Parties and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or the party's counsel participated in the drafting of this Agreement.

69. <u>Construction of Captions and Interpretations</u>: Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital.

70. <u>Notices</u>: Unless otherwise specifically provided in this Agreement, should any

21

notices, demands or other communications be required after entry of the Court's Final Approval

Order and Final Judgment, they will be in writing and will be deemed to have been duly given as

of the third business day after mailing by U.S. registered or certified mail, return receipt requested,

addressed to counsel of record. Any communication made in connection with this Agreement shall

be deemed to have been served when sent by overnight delivery or registered or certified first class

U.S. mail, postage prepaid, or when delivered in person at the addresses designated above.

71.     This Agreement may be executed in one or more counterparts. All executed

counterparts and each of them shall be deemed to be one and the same Agreement. This Agreement

may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original

"ink" signature. A complete set of executed counterparts shall be filed with the Court. This

Agreement shall become binding upon its execution by the Class Representatives, Defendants, and

counsel.

IN WITNESS WHEREOF the Parties and their counsel have caused this Settlement Agreement to

be duly executed.

**Named Plaintiffs and Class Representatives**

_____               Date:
Trancito Isabel Miranda


_____               Date:
Cesar Bautista


_____               Date:
Cesar Islas


**Defendants**

Mahard Egg Farm, Inc., and                     Date:
Mahard Pullet Farms, Inc.

By: _____

22

Title: _____
4835-6735-4036, v. 1

notices, demands or other communications be required after entry of the Court's Final Approval

Order and Final Judgment, they will be in writing and will be deemed to have been duly given as

of the third business day after mailing by U.S. registered or certified mail, return receipt requested,

addressed to counsel of record. Any communication made in connection with this Agreement shall

be deemed to have been served when sent by overnight delivery or registered or certified first class

U.S. mail, postage prepaid, or when delivered in person at the addresses designated above.

71.     This Agreement may be executed in one or more counterparts. All executed

counterparts and each of them shall be deemed to be one and the same Agreement. This Agreement

may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original

"ink" signature. A complete set of executed counterparts shall be filed with the Court. This

Agreement shall become binding upon its execution by the Class Representatives, Defendants, and

counsel.

IN WITNESS WHEREOF the Parties and their counsel have caused this Settlement Agreement to

be duly executed.

**Named Plaintiffs and Class Representatives**

_Trancito. I. miranda_
Trancito Isabel Miranda                                     Date:   _2-28-2020_

_____                            Date:
Cesar Bautista

_____                            Date:
Cesar Islas

**Defendants**

Mahard Egg Farm, Inc., and                                  Date:
Mahard Pullet Farms, Inc.

By:     _____

notices, demands or other communications be required after entry of the Court's Final Approval Order and Final Judgment, they will be in writing and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested, addressed to counsel of record. Any communication made in connection with this Agreement shall be deemed to have been served when sent by overnight delivery or registered or certified first class U.S. mail, postage prepaid, or when delivered in person at the addresses designated above.

71.     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same Agreement. This Agreement may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original "ink" signature. A complete set of executed counterparts shall be filed with the Court. This Agreement shall become binding upon its execution by the Class Representatives, Defendants, and counsel.

IN WITNESS WHEREOF the Parties and their counsel have caused this Settlement Agreement to be duly executed.

**Named Plaintiffs and Class Representatives**

| | |
|---|---|
| _____<br>Trancito Isabel Miranda | Date: |
| *Cesar Bautista* (signature)<br>Cesar Bautista | Date: 06-27-2020 |
| _____<br>Cesar Islas | Date: |

**Defendants**

Mahard Egg Farm, Inc., and
Mahard Pullet Farms, Inc.                    Date:

By:     _____

22

notices, demands or other communications be required after entry of the Court's Final Approval Order and Final Judgment, they will be in writing and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested, addressed to counsel of record. Any communication made in connection with this Agreement shall be deemed to have been served when sent by overnight delivery or registered or certified first class U.S. mail, postage prepaid, or when delivered in person at the addresses designated above.

71.    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same Agreement. This Agreement may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original "ink" signature. A complete set of executed counterparts shall be filed with the Court. This Agreement shall become binding upon its execution by the Class Representatives, Defendants, and counsel.

IN WITNESS WHEREOF the Parties and their counsel have caused this Settlement Agreement to be duly executed.

**Named Plaintiffs and Class Representatives**

_____                Date:
Trancito Isabel Miranda

_____                Date:
Cesar Bautista

_____*Cesor J. Islas*_____                Date:    02/26/2020
Cesar Islas

**Defendants**

Mahard Egg Farm, Inc., and                          Date:
Mahard Pullet Farms, Inc.

By:    _____

22

be the original "ink" signature. A complete set of executed counterparts shall be filed with the Court. This Agreement shall become binding upon its execution by the Class Representatives, Defendants, and counsel.

IN WITNESS WHEREOF the Parties and their counsel have caused this Settlement Agreement to be duly executed.

**Named Plaintiffs and Class Representatives**

_____     Date:
Trancito Isabel Miranda

_____     Date:
Cesar Bautista

_____     Date:
Cesar Islas

**Defendants**

Mahard Egg Farm, Inc., and             Date:  3-2-20
Mahard Pullet Farms, Inc.

By: _____

Title: _____
4835-6735-4036, v. 1

23

**Exhibit A**

## COURT ORDERED NOTICE

### *Miranda, et al. v. Mahard Egg Farm, Inc., et al.*

### Class Action Notice & Claim Form Inside

Deadline: xx/xx/xxxx

[Spanish translation]

*Miranda, et al. v. Mahard Egg Farm, Inc., et al.*
c/o ADMINISTRATOR
ADDRESS
ADDRESS

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit#__

Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
Case No. 4:19-cv-00092

## Claim Form & Release

*Miranda, et al. v. Mahard Egg Farm, Inc., et al.*
c/o ADMINISTRATOR
ADDRESS
ADDRESS
Text: XX

Claim #: ABC-1234567-8

If you move, text, message, or mail your new
address to the company listed above

SPANISH TRANSLATION
SPANISH TRANSLATION

‹‹First1›› ‹‹ Last1››
‹‹CO››
‹‹Addr1›› ‹‹Addr2››
‹‹City››, ‹‹St›› ‹‹Zip›› ‹‹Country››

**To Receive A Payment You Must Sign And Either (1) Mail This Claim Form, Postmarked On Or Before DATE, or (2) Text Message or WhatsApp Message Photos of This Claim Form to XXX-XXX-XXXX On Or Before DATE.**

If the Court approves the Settlement and all requested fees, costs, expenses, and service awards, the *average* payment will be around $1,700. Your payment may be smaller or larger depending on your length of employment, the number of Claim Forms that are submitted by others, and the amount of other awards approved by the Court. To receive payment, you must sign and return this Claim Form by DATE. By signing, you certify that (1) you are Hispanic, and (2) you worked for Mahard in Chillicothe at some time from January 14, 2015, to the present. If you do not fill out your dates of employment, your payment will be based on Mahard's record of your employment dates.

[Spanish Translation]

Signature: _____   Today's Date: _____   Employment dates: _____ to/a _____
(firma)                                             (fecha)                          (fecha de empleo)

4   A settlement has been reached in a class action against Mahard Farms for alleged civil rights violations. The lawsuit claims that Mahard subjected Hispanic workers in Chillicothe, TX, to an objectively hostile work environment based on race and/or national origin. Mahard vigorously denies that it violated any law. This postcard summarizes the settlement. The full terms are available at www.URL.com.

**Am I a Class Member and What Can I Get?** Mahard's records indicate you are a Class Member. If the Court approves the settlement and you return a signed claim form in time, you will receive a payment. The amount of your payment will depend on how long you worked for Mahard, the total number of forms returned, and the amount of fees, expenses, service awards, and administration costs approved by the Court. The total settlement fund is $495,000.

**How Do I Get a Payment?**  Sign and submit the attached claim form. It must be postmarked, texted, or WhatsApp messaged by DATE.

**What Are My Other Options?**  You may exclude yourself from the settlement by mailing a written notice to the Settlement Administrator. It must be postmarked by Date. If you exclude yourself, you cannot receive a payment, but you keep any rights to sue Mahard over the issues in this lawsuit. If you do not exclude yourself, you have the right to object by filing an objection with the Court by Date. You or your lawyer must personally sign the objection. You or your lawyer may also attend and speak at the hearing. Instructions are available at www.URL.com.

**Who Represents Me?**  The Court has appointed Nichols Kaster, PLLP, and Equal Justice Center and Transnational Worker Rights Clinic to serve as Class Counsel.  They will petition to be paid fees up to $165,000 and the expenses of litigation from the settlement fund.

**When Will the Court Consider the Settlement?**  The Court will hold a final approval hearing on DATE at TIME at the U.S. Courthouse, 101 East Pecan Street, Room 216, Sherman, Texas 75090.

**How Do I Get More Information?**  The full Notice and Settlement Agreement are available at: www.URL.com. You can also contact the Settlement Administrator at 1-800-XXX-XXXX or by text/WhatsApp.  Do not contact the Court directly.

[SPANISH TRANSLATION]

---

_____
_____
_____

Business Reply Mail
Artwork

**Exhibit B**

**Name**

ABEL B HERNANDEZ
ABEL HERNANDEZ
ABIDAEL H PEREZ
ADOLFO SARMENTO LOPEZ
ADRIAN CHAVEZ
ADRIAN E ALVAREZ
ADRIAN L DOWELL JESUS
ADRIAN L RODRIGUEZ
ADRIAN LEVI SALINAS
ADRIAN MENCHACA
ADRIAN SANCHEZ
ADRIANA ALFARO
ADRIANA DIAZ
ADRIANA L DOMINGUEZ GARCIA
ADRIANA REYES OCHOA PATINO
ADXEL GUERRA MARQUEZ
AGUILERA ALFREDO
AIDE ALONZO
ALBERTO FLORES
ALBERTO LOPEZ
ALEJANDRA CRUZ
ALEJANDRA HERNANDEZ
ALEJANDRO C MOJICA
ALEJANDRO ESTRADA
ALEJANDRO MARTINEZ
ALEJANDRO VAZQUEZ
ALEMAN A ISOM
ALENJANDRO J EUCEDA
ALEXA GARCIA
ALEXANDER SANTIZO
ALFREDO G ALMAZAN
ALFREDO GOMEZ
ALICIA NICONORA RAMIREZ
ALLAN LOPEZ
ALVARO FRANCO
ALVIN RODRIGUEZ
AMED S CORONA
ANA D SANCHEZ
ANA G DON JUAN LEIJA
ANA G ROMERO AREVALO
ANA I JUAREZ
ANA M MORENO
ANABEL PINEDA
ANDREA PALAFOX
ANDRES GARCIA
ANDRES TORRES

ANDREW T BAROS
ANDY F RUEDA
ANDY MOLINA
ANGEL DAVILA
ANGEL HENRIQUEZ
ANGEL J REYES
ANGEL JUAREZ
ANGEL RODRIGUEZ
ANGELICA F ORTIZ
ANGELICA M VIDAURRI
ANGELO A VILLA
ANNA M MELENDEZ
ANNA T ORTIZ
ANSELMO REYNA
ANTHONY GARCIA
ANTHONY M MOLINA
ANTONIO ALVAREZ
ANTONIO ALVAREZ HERNAND
ANTONIO ALVAREZ HERNANDEZ
ANTONIO ESCOBAR
ANTONIO RAMIREZ ALONZO
ARLET V HECTOR GONZALEZ
ARNULFO GONZALES
ARTURO ALVAREZ MORENTE
ARTURO SILVA
ASCENCION D ARMENDARIZ
AUGUSTINE RAMIREZ
BARBARO Y SILVA AYALA
BELKYS JIMENEZ CRUZ
BENITO GARCIA
BERENICE SANCHEZ MEDINA
BERNARDO I VILLA
BRANDON A LOPEZ
BRANDON T LAGUNAS
BRAYAN SANCHEZ
BRENDA FRANCO
BRENDA HERNANDEZ
BRENDA MARTINEZ
BRETT MICHAEL PANIAGUA
BRYAN MARTINEZ
BULMARO CARDOSO FLORES
CAMILA SANCHEZ
CAMILLA A VIDAURRI
CARLOS A CORTES MAREZ
CARLOS G HERNANDEZ
CARLOS H GONSALEZ
CARLOS REYES LOPEZ

CARLOS RODRIGUEZ
CARLOS SANCHEZ VALDEZ
CASSANDRA M CASTILLO
CATALINA R HERNANDEZ
CEASER GRAVE
CELESTINA SHI
CESAR A AVILES
CESAR BAUTISTA
CESAR D SALAZAR
CESAR ISLAS
CHRIS N GONZALEZ
CHRISTIAN K RAMIREZ
CHRISTOPHER MARTINEZ
CHRISTOPHER R GOMEZ
CINTHIA ROMERO
CLAUDIA O MENDOZA
CLAUDIA R MADRIGALES
CONSTANZA LARA
CRISTIAN PEREZ RIVERA
CRISTIAN R DIAS
CRYSTAL L MINA
DAIKIEL PERDOMO CASTRO
DAISY CHAVARRIA JAIMENZ
DANE R LEIJA
DANIEL FLORES
DANIEL HERNANDEZ
DANIEL J CADENA
DANIEL J MEDINA
DANIEL L ORTIZ
DANIEL L RIOJAS
DANIEL T VARGO
DARIS TEJADA
DAVID A FRANCO
DAVID ORTEGA SANCHEZ
DAVID PEREZ
DEANTE L ADAMS
DELFINO HERNANDEZ
DIANE C GARCIA
DIEGO CAMAJA RODRIGUEZ
DIEGO CASTANEDA
DIEGO J LEON
DIEGO LORENZO
DIEGO R ROSADO
DIEGO RAMOS
DINA TOMAS
DIONICIO MEJIA
DOMINGA P GUTIERREZ

DOMINGO A CORTINEZ IV
DOMINGO JOHN VALVERDE
DOMINGO LOPEZ
DOMINGO PEREZ
DOMINGO REYNA
DYLAN R QUINONES
EBER I TORO
EBODIO S SOLIS
EDGAR HUERTA
EDGAR REYNA
EDILBERTO N ORTIZ
EDIN E CAAL
EDITH Y SANCHEZ RODRIGUEZ
EDUARDO GOMEZ GONZALEZ
EFRAIN ALARCON
ELIAS MARTINEZ LOPEZ
ELIEZER M LOPEZ
ELIZABETH JUAREZ
ELIZABETH R MATZ
ELIZABETH RAMOZ MATZ
ELSA NAVARRO
EMELINA RODRIGUEZ
ENDER O FUENTES
ENRIQUE CALVILLO
ENRIQUE GUZMAN
ERNESTO GUEVARA
ERNESTO TRINIDAD
ESMERALDA OROZCO
ESTEBAN GARCIA
EVA A SALDANA
EVERARDO HERNANDEZ MUNOS
FABIAN DE LA HOYA
FABRICIO R FERRER
FEDERICO M VALDEZ
FELIMON BARRIENTOS LOPE
FELIX X SALINAS
FERNANDA SALAZAR
FERNANDO R TOBILLO
FEVIN LUNA
FLORENCIO PAREDES
FRANCISCO BAUTISTA PEREZ
FRANCISCO E JIMENEZ
FRANCISCO JAVIER JUARES ORTEGA
FRANCISCO L PEREZ
FRANCISCO RUIZ ALONZO
FRANCISCO SANCHEZ
FRANCISCO T GARCIA

FRANK J MORALES
FREDDY MEDINA
FREDDY ORTIZ SANCHEZ
GABRIEL ESTRACA
GABRIEL M MOLINA
GENARO VASQUEZ
GEORGE ENRIQUEZ
GERARDO HERNANDEZ JUAREZ
GERARDO MARTINEZ GONZALEZ
GERARDO TORRES HORTEGA
GERONIMO PEREZ BARCO
GESSE CASTELNAU JORRIN
GILBERTO P SAUCEDO
GISELA ESPINAL MALDONADO
GLORIA JASSO
GLORIA M MARTINEZ
GREGORIO L HERNANDEZ
GREGORIO MORALES
GRICELA ESCOBAR
GRISLI MENDEZ
GUADALUPE AZUA CASTANEDA AZUA
GUADALUPE R ALARCON
GUADALUPE TREVINO RODRIGUEZ
GUICELDA J OSORIO
GUILLERMO RAMIREZ
GUSTAVO MORENO
HECTOR CRUZ JULIAN
HEIDY L REYES-ALFARO
HYME M GUZMAN
IGNACIO C BENITES
IGNACIO C. MUNIZ
IGNACIO M BAUTISTA
IMELDA SANCHEZ
INES M NAJARRO RAMOS
IRENE GONZALES
IRIS PEREZ
IRMA HERNANDEZ JUAREZ
ISAAC VAZQUEZ
ISABEL GUTIERREZ
ISABEL MIRANDA
ISABELLA RALIOS GUTIERREZ
ISAIAH S PEREZ SANCHEZ
ISAIAS SILVA
ISIDRO MARTINEZ
ISIDRO O RAMIREZ
ISIDRO R QUIXAN
ISMAEL CORPUS

IVANA GONZALEZ

J CARMEN C PEREZ

J. CASTRO HERNANDEZ

JAEL G VELOZ REYES

JAIME VELASQUEZ

JALAN J HELSEL

JAMES M TORRES

JARA HURTADO

JAVIER A. JUAREZ

JAVIER CASTRO ORTONIO

JAVIER M PARRA

JAVIER SANCHEZ

JAZMINE ROMAN

JENIFFER SANCHEZ TRUJILLO

JERVACIO HERNANDEZ

JESSE C HERNANDEZ

JESSICA MUNIZ

JESUS B MARTINEZ

JESUS C CASILLAS

JESUS CARRIZALES

JESUS GONZALES

JESUS HERNANDEZ

JESUS M MEZA

JESUS M PEREZ JR

JESUS R MENDOZA

JESUS RAMIREZ

JOE A SANCHEZ

JOE LOPEZ

JONATHAN TRUJILLO

JONELY ESTRADA

JOSE A BUENAVENTURA

JOSE A CANTARERO

JOSE A MORALES HERNANDEZ

JOSE A PEREZ

JOSE A RUIZ CRUZ

JOSE AYALA

JOSE C HERNANDEZ

JOSE C PEREZ

JOSE C RAMON

JOSE CARRILLO

JOSE D MARES

JOSE E MEZA

JOSE FRANCISCO RODRIGUEZ

JOSE G RIVERA

JOSE GUADALUPE PEREZ BARCO

JOSE L DIAZ

JOSE L DOMINGUEZ

JOSE L TORREZ
JOSE LOPEZ
JOSE MAREZ SERVIN
JOSE ORTIZ
JOSE ORTIZ RAMIREZ
JOSE R CARVAJAL
JOSE R PINA ESPARZA
JOSE S JUAREZ
JOSE S SALAZAR
JOSE S SARAVIA
JOSE TROCHEZ
JOSE TRUJILLO CEJA
JOSE U MENDEZ
JOSEPH C CABALLERO
JOSEPH D RAMIREZ
JOSHUA A CORONA
JUAN A GARZA
JUAN C RODRIGUEZ
JUAN E CIGALA
JUAN G RAMOS
JUAN G RODRIGUEZ
JUAN J SARMENO
JUAN JESUS LOPEZ PADRON
JUAN M PARRA
JUAN OTERO RODRIQUEZ
JUAN PEREZ GARCIA
JUAN R TORRES
JUAN RIVERA
JUAN TINO ZETINO
JUAN TORRES
JUAN V LOPEZ
JUANA AREIAS
JUANA BAUTISTA
JUANA R ORTIZ
JULIA JIMON US
JULIA ORTIZ
JULIA R MARTINEZ
JULIAN C PINEDA
KADEN J RODRIGUEZ
KARINA D GONZALES
KARLA E OLIVEROS
KAROLINA JUAREZ
LAURO S CORONA
LEONARDO CANTERO
LEONEL ALFARO
LETECIA M GONZALES
LETICA M GONZALES

LIONEL R GOMEZ
LISLIE J HOLGUIN
LORENA RUIZ GUTIERREZ
LUIS BERNAL JR
LUIS E DECENA POLICARP
LUIS F GARCIA
LUIS JARAMILLO
LUIS P LUX
LUIS PEREZ LUX
LUIS R LOPEZ FLORES
LUIS RODRIGUEZ-LOPEZ
LUIS SANTOYO
LUIS SERVANTES
LUZ MARIA LEOS
LUZ TORRES
MAGDALENA VASQUEZ
MANUEL BAUTISTA
MANUEL BAUTISTA ALVARE
MANUEL GOMEZ RODRIGUEZ
MANUEL GRAVE
MANUEL JIMENEZ
MANUEL L PABLO
MANUEL PEREZ
MANUEL PEREZ BARCO
MANUELA CHAJAL GUTIERREZ
MANUELA GARCIA
MARCIA L BRIONES
MARCOS A IBARRA
MARGARITA CHAVEZ CARBAJAL
MARGARITA CONTRERAS
MARGARITA G CONTRERAS
MARIA A ORTIZ
MARIA CEDILLO
MARIA FELIZ
MARIA FLORINDA HERNANDEZ
MARIA L RAMOS
MARIA R TIPAZ
MARIA RAMOS
MARIA TROCHEZ
MARIA V ORTIZ
MARIANA M VASQUEZ
MARIANO S FUENTES
MARILU SANCHEZ GUEVARA
MARIO GARZA
MARIO LOPEZ
MARIO MARES GARCIA
MARIO N SANCHEZ

MARIO SAN JUAN
MARIO VASQUEZ
MARISELA M MUNIZ SALINAS
MARK A DOAKE
MARK G GONZALES
MARLENE OCHOA
MARTA U PEREZ
MARTA VELAZQUEZ RAMOS
MARTHA D VILLANUEVA
MARTHA L SAN MIGUEL
MARTHA VILLANUEVA HERN
MARTIN D VALTIERRA
MARTIN G SANCHEZ
MARTIN GOMES ORTIZ
MARTIN J ORTIZ
MARTIN J PEREZ
MARTIN JUAREZ RODRIGUEZ
MARTINA ORTIZ
MARY BUSTAMANTE
MATEO PEREZ LOPEZ
MATEO RAMOS
MATHEW R ALEMAN
MAURICIO HERNANDEZ JUARE
MAYRA LOPEZ TOLEDO
MELECIO MAREZ GARCIA
MICAELA RAMOS Y RAMOS
MICHAEL A LOPEZ
MICHAEL R LUERA
MICHAEL RODRIGUEZ
MICHELLE GARZA
MICHELLE N MENDEZ
MIGUEL A PADILLA TORRES
MIGUEL A PEREZ PINA
MIGUEL A TOLEDO LOPEZ
MIGUEL PEREZ CASTRO
MIGUEL PEREZ GARCIA
MILAGRO W ESPINAL MALDONADO
MILTON TENIENTE
MIREYA NINO
MIRNA JUAREZ
MISAEL AJUALIP TAPERIA
MONICA HUERTA
MONICA ROMERO
NANCY G VALERO
NASLY A ESPINAL MALDONADO
NATHANIEL PATRICK PANIAGUA
NAY K MOO

NESTOR J PEREZ
NICOLAS ARGUETA
NICOLAS C CARDENAS
NICOLLE ARIAS CARRILLO
NIURKA LUQUE ALVAREZ
NOE T PONCE
NOEL GONZALEZ
NOEL S FELIX
NORMA ACOSTA ZAPATA
ORLANDO CABANAS
OSCAR ALONZO
OSCAR C MENDOZA
OSCAR ESPITIA
OSCAR O MATA
OSVALDO LOPEZ
OSVALDO SANCHEZ
PABLO ALONZO RAMOS
PABLO ORDONEZ
PAOLA O GOMEZ
PATRICIA SALINAS
PAUL E FLORES
PEDRO FLORES
PEDRO GONZALEZ NAVARRO
PEDRO ORTIZ
PETRA TRUJILLO
PORFINO M MAGANA
RAMIREZ LUIS JOSE
RAMIRO S MATEO
REFUGIO H RODRIGUEZ
REFUGIO TREVINO
REINALDO ADAME
RENE D GALVAN
REYMI J QUINONES
RICARDO ARELLANO
RICARDO G CRUZ
RICARDO GOMEZ
RICARDO J GOMEZ
RICARDO LOPEZ
RICARDO MENDOZA RAMOS
RICKY L TAPERIA
RICO VIDAURRI
ROBERT P REYNA
ROBERT R VELA
ROBERTO GARCIA
ROBERTO ORTIZ
RODOLFO ESTRADA
ROGELIO GUERRA

ROLANDO ROMAN
ROMAN CHAVARRIA
ROSA A MALDONADO DE ESPINAL
ROSA GRANADOS
ROSA JUAREZ
ROSALIO TAPERIA GARCIA
ROSALVA CALDERON
ROSARIO CALDERA
ROSARIO VIDAURRI
ROY K BENAVIDEZ
RUBEN A GONZALEZ
RUBEN CASTILLO
RUBEN RAMIREZ
RUBEN TRUJILLO
RUDY LOPEZ
RUDY PINA
RUMALDO A AQUINO
RUTH SALAZAR RAMOS
SABASTIAN M PERES
SABINO RUIZ
SALOMON LANDAVERDE
SALVADOR ADAME
SANDRA L JIMENEZ MACEDO
SANDRA L MACEDO
SANDRA R SANCHEZ
SANTIAGO E CAMAJA
SANTIAGO GARCIA RAMOS
SANTIAGO LUCERO
SANTIAGO RODRIGUZ
SANTIAGO SUSTAITA
SANTIAGO TISTA
SANTIAGO VILLANUEVA
SANTOS A FACUNDO FLORES
SANTOS CHAJAL CASTRO
SANTOS LOPEZ
SANTOS RAYMUNDO
SANTOS REYES RAYMUNDO
SEBASTIAN ALONZO RAMOS
SEBASTIAN C TORRES
SELENA REYNA
SERGIO MORALES
SERGIO RODRIGUEZ
SERGIO SALVADOR
SEVERIANO MONDRAGON
SILVIA M TORRES
SILVIA V CHAVEZ
SILVINO L MEDINA

SILVIO MACEDA LOPEZ
SOFIA GARZA
STACY BERNAL
STEPHANIE GARCES
MARIA ARABEY ESCOBAR
SUZANNE M DE LOS SANTOS
TOMAS ORTIZ
TOMAS PABLO
TOMAS VASQUEZ
VALENTIN H CONTRERAS
VALENTIN HUERTA
VANESSA DAVALOS
VERONICA CARRILLO
VICTOR C CASILLAS
VICTOR M HERNANDEZ SEGURA
VICTOR R ORTIZ
VICTORIA DIAZ MORFA
VICTORIA L ALTAMIRANO
VICTORIA LILIANA RUIZ ALTAMIRANO
VILIULFO PEREZ
WALTER MENDOZA
WILFREDO E LAZO
WILLIAM S TRUJILLO
WILMER TAPERIA GARCIA
XAVIER D MIRELES
XAVIER GONZALES JR
XIMENA TORRES
YAMILETH C SAGASTUME
YAQUELIN MEJIA
YARET D SANCHEZ
YOHN ZAMARRON
YOLANDITA FULTON
YOLANI ORTIZ
YOVANNY R ORTEGA
YUSNIEL B CASTRO
ZACARIAS G JARAMILLO
ZACHARY W PEREZ
ZACKARY M TORRES
ZENON GARRIDO JR
ZENON GARRIDO PEREZ
ZOILA M GALINDO
MARCO ANTONIO DIAZ

**Exhibit C**

# United States District Court – Eastern District of Texas
## *Miranda, et al. v. Mahard Egg Farm, Inc., et al.*, Case No. 4:19-cv-00092

- This is a Court authorized notice of a proposed settlement in a class action lawsuit.

- The lawsuit alleges that Mahard Egg Farm, Inc., and Mahard Pullet Farms, Inc., ("Mahard") subjected Hispanic Workers at Mahard's Chillicothe, Texas, facility to an objectively hostile and abusive working environment on account of the Workers' race and/or national origin.

- The proposed settlement includes all Hispanic individuals who were employed in a non-managerial position by Mahard at the Chillicothe, Texas, facility at any time from January 14, 2015, to the present.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | If you do nothing and the Court approves the Settlement, you will not receive a payment and you will not be able to sue Mahard again for the same or similar issues. |
| **Send in a Claim Form** | Sending in a Claim Form is the only way to get money through this Settlement. If you fill out and send in a Claim Form by the deadline listed below and the Court approves the Settlement, you will receive a settlement payment. You will not be able to sue Mahard for the same or similar issues. The Claim Form was attached to the Postcard Notice you received about this case. To obtain another Claim Form, contact SETTLEMENT ADMINISTRATOR whose contact information is listed below. |
| **Exclude Yourself** | This is the only option that allows you to try to bring your own case or be part of any other lawsuit or legal action against Mahard about the matters being resolved in this Settlement. However, you will not receive any payment in this Settlement. |
| **Object** | You may write to the Court about why you object to the Settlement. You cannot object if you ask to be excluded. |
| **Go to a Hearing** | You may ask to speak in Court about the fairness of the Settlement. |

Your rights and options—and the deadlines to exercise them—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals, if any, are resolved. Please be patient.

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, you may view the Settlement Agreement at www.URL.com. You may also contact CLAIMS ADMINISTRATOR AT XX to update your contact information. You may contact the lawyers in charge of this case for more information: NAME/CONTACT.

## **TABLE OF CONTENTS**

Basic Information ................................................................................................................x

1.        Why did I get this Notice? .....................................................................................x

2.        What is the Litigation about? ..................................................................................x

3.        Why is this case a class action? ..............................................................................x

4.        Why is there a settlement? ......................................................................................x

Who Is In The Settlement .......................................................................................................x

5.        How do I know if I am part of the Settlement? .......................................................x

The Settlement Benefits – What You Get ..............................................................................x

6.        What does the Settlement provide? .........................................................................x

7.        How can I get a benefit? ..........................................................................................x

8.        When would I get my benefit? .................................................................................x

9.        What am I giving up to get a benefit or stay in the Settlement Class? ...................x

10.      How do I get out of the Settlement? ........................................................................x

11.      If I don't exclude myself, can I sue Mahard for the same thing later? ....................x

12.      If I exclude myself, can I get benefits from this Settlement? ..................................x

The Lawyers Representing You ..............................................................................................x

13.      Do I have a lawyer in this case? ..............................................................................x

14.      How will the lawyers and Class Representatives be paid? ......................................x

Objecting to The Settlement ...................................................................................................x

15.      How do I tell the Court that I don't like the Settlement? ........................................x

16.      What's the difference between objecting and excluding? .......................................x

17.      Where and when will the Court decide whether to approve the Settlement? ..........x

18.      Do I have to come to the hearing? ...........................................................................x

19.      May I speak at the hearing? .....................................................................................x

Getting More Information .......................................................................................................x

20.      Are there more details about the Settlement? ..........................................................x

21.      How do I get more information? ..............................................................................x

**Basic Information**

You may be viewing this notice because you received a shorter notice via mail. This Notice has been posted because members of the Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals relating to that Settlement are resolved, the benefits provided for by the Settlement will be available to members of the Settlement Class.

This Notice explains the case, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be reviewed at the Settlement Website: www.URL.com. This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Eastern District of Texas, and the case is known as *Miranda, et al. v. Mahard Egg Farm, Inc., et al.*, Case No. 4:19-cv-00092 (the "Litigation"). The persons who filed this Litigation—Trancito Isabel Miranda, Cesar Bautista, and Cesar Islas—are called the Named Plaintiffs, and Mahard Egg Farm, Inc., and Mahard Pullet Farms, Inc., ("Mahard") are the Defendants.

## 1. Why did I get this Notice?

The Court in this case approved the posting of this Notice so that it could be viewed by potential members of the Settlement Class. The Settlement Class includes:

All Hispanic individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farms, Inc., at Mahard's Chillicothe, Texas, facility at any time from January 14, 2015, to the present.

Class membership is based upon Mahard's records. If you are unsure of whether you are in the Settlement Class, you can contact the lawyers representing the Settlement Class at CONTACT.

## 2. What is the Litigation about?

The persons who started the lawsuit, the "Named Plaintiffs," allege that Mahard violated the Civil Rights Act of 1866 (42 U.S.C. § 1981) and the Civil Rights Act of 1964 (Title VII) by subjecting the Hispanic Workers at Defendants' facilities in Chillicothe, Texas, to an objectively hostile and abusive work environment on account of their race and/or national origin.

Mahard disputes the Named Plaintiffs' allegations and denies all liability. Mahard has raised a number of defenses to the claims asserted.

Your interest as a member of the Settlement Class will be represented by the Named Plaintiffs and Class Counsel. You will be bound by any judgment arising from the Settlement unless you exclude yourself from the settlement.

The Parties are settling the Litigation to avoid the risk and expense of further litigation. No court has found that the Named Plaintiffs could recover any certain amount in this Litigation.

Although the Court has authorized notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the Litigation.

## 3. Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. In a class action, representative plaintiffs are called "Class Representatives." They seek to assert claims on behalf of all members of a class or classes of similarly situated people. By doing this, they can conserve resources by asserting their claims in a single lawsuit. Class actions often involve circumstances where claimed individual damages are too small for people to proceed on their own, but where the defendant's conduct is alleged to have affected a lot of people all in the same way. Here, the Named Plaintiffs are the Class Representatives.

Lawyers who represent people who file class actions are called "class counsel." To date, the lawyers who brought this case ("Class Counsel") have not been paid any money for their work and have paid all their expenses out of pocket. They will only be paid if they win the Litigation or if the Court approves the Settlement.

## 4. Why is there a settlement?

The Court did not decide this case in favor of the Named Plaintiffs or in favor of Mahard. If approved, the Settlement will stop the case from being litigated any more. If the case continued to be litigated, there is a possibility that the Settlement Class would receive nothing. There is also the possibility that Mahard would be required to pay more than it has agreed to pay as a result of the Settlement.

Class Counsel investigated the facts and applicable law regarding the Named Plaintiffs' claims and Mahard's defenses. The Parties engaged in lengthy and arms' length negotiations with a neutral mediator to reach this Settlement. The Named Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

Both sides agree that, by settling, Mahard is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is In The Settlement

## 5. How do I know if I am part of the Settlement?

If you received a Postcard Notice, records indicate that you are a member of the Settlement Class defined above. If you are not certain as to whether you are a member of the Settlement Class, you may contact Class Counsel at CONTACT.

The members of the Settlement Class have been identified based, in part, upon records produced by Mahard in the case.

## The Settlement Benefits—What You Get

## 7. What does the Settlement provide?

If you are a member of the Settlement Class, you are eligible to receive a benefit under the Settlement.

Mahard has agreed to pay $495,000 into a settlement fund. This money will be divided among the approximately 648 Settlement Class Members, and will also be used to pay for any Court-approved attorneys'

4

fees and expenses, Class Representative and Declarant awards, and administration costs (collectively, "awards and costs").

The exact amount each Settlement Class Member will receive will depend on the number of Claim Forms received, the amount of awards and costs approved by the Court, and the amount of checks that are cashed. Class members shall receive a portion of the settlement fund weighted according to length of employment (that is, Class Members who worked for longer periods of time will receive a proportionately larger share of the settlement).

Class Members' checks expire after 180 days from the date they are mailed. If money remains in the fund after this period passes, it will be redistributed to Class Members in an amount proportionate to their original distribution. However, if any redistribution check would be less than $10, the remaining amount will not be redistributed to Class Members and will be donated to the National Center for Farmworker Health, Inc., an organization that provides information services, training and technical assistance, and a variety of products to community and migrant health centers nationwide.

## 8. How can I get a benefit?

To receive your settlement payment, you must send in a completed and signed Claim Form by DATE. You can mail the Claim Form to

XX

If you mail the Claim Form, it must be postmarked by DATE.  You may also submit the Claim Form by texting a picture of the completed and signed form to XX or by messaging a picture of the completed and signed form via WhatsApp to XX by DATE.

If you submit a completed and signed Claim Form and do not object, your interest as a Class Member will be represented by the Plaintiffs and Class Counsel. If you submit a completed and signed Claim Form, you will be bound by any judgment arising from the Settlement. If the Settlement is approved, you will receive a check for your share of the settlement fund.

In order for you to receive a check, you must ensure the Settlement Administrator has your current address. To update your address, you must contact the Settlement Administrator at XX. You may also update your address online at XX.

## 9. When would I get my benefit?

The Court will hold a final approval hearing on DATE at TIME to decide whether to approve the Settlement. If the Settlement is approved, there may be appeals. Payments to members of the Settlement Class will be made only if the Settlement is finally approved. This may take some time, so please be patient.

## 10. What am I giving up to get a benefit or stay in the Settlement Class?

Upon the Court's approval of the Settlement, all members of the Settlement Class who have not timely and properly opted out of the Settlement Class fully and forever release Mahard Egg Farm, Inc.; Mahard Pullet Farms, Inc.; and Mahard Egg Company, LLC, as well as their respective present, former and future affiliates, parents, subsidiaries, corporate family members, officers, directors, partners, employees, agents, attorneys, heirs, vendors, administrators, executors, members, member entities, shareholders, predecessors, successors,

representatives, trustees, principals, and assigns, individually, jointly and severally ("Released Parties") , from any and all claims brought in the Complaint and First Amended Complaint in this Action, or any claim for race or national origin discrimination under state or federal law that could have been brought based on the facts alleged in the Complaint and First Amended Complaint. Similarly, any person or persons acting or purporting to act on behalf of a Settlement Class Member fully and forever releases, waives, acquits, and discharges the Released Parties from any and all claims brought in the Complaint and First Amended Complaint in this Action, or any claim for race or national origin discrimination under state or federal law that could have been brought based on the facts alleged in the Complaint and First Amended Complaint.

This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release, which are contained in the Settlement Agreement, please visit www.URL.com.

## 11. How do I get out of the Settlement?

If you choose to be excluded from the Settlement (or "opt out"), you will not be bound by any judgment or other final disposition of the case and you will not receive any settlement payment. You will retain any claims against Mahard you might have. To opt out, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first class mail, postmarked on or before DATE**, addressed to:

*Miranda, et al. v. Mahard Egg Farm, Inc., et al.*
c/o Settlement Administrator
ADDRESS
ADDRESS

**If the request is not postmarked on or before DATE, your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, and you will be barred from bringing any claims which arise out of or relate in any way to the claims in the Litigation as specified in the release referenced in paragraph 10 above.

## 12. If I don't exclude myself, can I sue Mahard for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Mahard and its present, former, and future parents, subsidiaries, affiliates, employees, attorneys, heirs, administrators, executors, insurers, members, owners, predecessors, successors, representatives, and assigns, individually, jointly and severally, for any and all claims arising out of or relating directly or indirectly to the facts alleged in the First Amended Complaint. If you have a pending lawsuit against Mahard or any of these entities, you should speak to your lawyer in that case immediately.

## 13. If I exclude myself, can I get benefits from this Settlement?

No. If you exclude yourself, you are not part of the Settlement.

## The Lawyers Representing You

## 14. Do I have a lawyer in this case?

The Court has appointed Nichols Kaster, PLLP, and Equal Justice Center and Transnational Worker Rights Clinic as Class Counsel:

*Nichols Kaster, PLLP*                          *Equal Justice Center and Transnational Worker Rights Clinic*

Anna P. Prakash                                 Aaron Johnson
Robert L. Schug                                 Rebecca Eisenbrey
Nicole J. Schladt                               510 S. Congress Ave., Ste. 206
4600 IDS Center                                 Austin, TX 78704
80 South 8th Street
Minneapolis, MN 55402                           Shana Khader
                                                1250 W. Mockingbird Ln., Ste. 455
                                                Dallas, TX 75247

You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

## 15. How will the lawyers and Class Representatives be paid?

Class Counsel are working on a contingent fee basis and have not been paid anything for their representation of the Settlement Class to date. Also, they have paid all the expenses of litigation out of their own pockets. If they were to lose the case, they would be paid nothing.

In connection with this Settlement, Class Counsel intend to apply to the Court for an award of attorneys' fees, in an amount not to exceed $165,000. They also intend to seek out-of-pocket litigation expenses incurred during the Litigation. Their request will be made through a fee petition filed with the Court and posted to www.URL.com by DATE. The Court will evaluate whether this fee request is reasonable. The Court may award less.

The Court has appointed Named Plaintiffs Trancito Isabel Miranda, Cesar Bautista, and Cesar Islas as Class Representatives. Class Counsel will seek service payments for the Named Plaintiffs and Declarants Victor Corpus Casillas and Noel Gonzalez in an amount not to exceed $10,000 each. Class Counsel will also seek service payments for Declarants Efrain Alarcon, Roxana Alarcon Chavez, Fabricio Reyna Ferrer, Edgar Reyna, Claudia Madrigales, Sabino Ruiz, and Mark Gonzalez in an amount not to exceed $2,500 each. This compensation is intended to compensate the Class Representatives and Declarants for the time and effort they have put into pursuing this case on behalf of everyone in the Settlement Class. The Settlement also awards Named Plaintiff Trancito Isabel Miranda $56,950 to compensate her for harassment/assault claims alleged in this case.

The costs of settlement administration are expected to be approximately $10,000. If awarded by the Court, all of these amounts will be paid directly out of the settlement fund.

## Objecting To The Settlement

## 16. How do I tell the Court that I don't like the Settlement?

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as is. If the Court denies approval, no settlement payments will be sent out and the litigation will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. If you timely object, you may also appear at the final approval hearing, either in person, or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must: (a) state the case name and number (*Miranda, et al. v. Mahard Egg Farm, Inc., et al.*, Case No. 4:19-cv-00092); (b) state the basis for and an explanation of the objection; (c) state your name, address, telephone number, and email address (if you have one); (d) state whether you intend to appear at the final approval hearing, either with or without an attorney; (e) be submitted to the Court, either by mail to the Clerk of Court, United States District Court for the Eastern District of Texas, Sherman Division, Paul Brown United States Courthouse, 101 East Pecan Street, Room 216, Sherman, Texas 75090, or by filing your objection in person at that address; and (f) have a copy mailed to the Settlement Administrator at CONTACT INFO. The objection must be signed by you and by your counsel, if you have separate counsel. Your objection must be filed and/or postmarked on or before DATE.

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

The Parties have agreed and it is a term of the Settlement that no payments will be made to any objector, or any objector's counsel, without district court approval. The Parties' Agreement further requires the district court to approve any payments made in connection with an objector withdrawing or dismissing an appeal.

## 17. What's the difference between objecting to the settlement and excluding yourself from it?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Litigation no longer affects you.

## 18. Where and when will the Court decide whether to approve the Settlement?

There will be a final approval hearing to consider approval of the proposed Settlement on DATE at TIME at the Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090. The hearing may be postponed to a later date without further notice; Settlement Class Members should check www.URL.com regularly for any changes to this date. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representatives and Class Counsel; and whether an order and Final Judgment should be entered approving the proposed Settlement. The Court also will consider Class Counsel's application for an award of attorneys' fees and expenses and Class Representatives' and Declarants' compensation.

You will be represented at the final approval hearing by Class Counsel, unless you object or choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the hearing.

## 19. Do I have to come to the hearing?

No. Class Counsel will represent the Settlement Class at the final approval hearing, but you are welcome to come at your own expense. If you submit any objection, you do not have to come to Court to talk about it, but you may do so if you wish. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, if you wish.

**20. May I speak at the hearing?**

You may ask the Court for permission to speak at the final approval hearing. To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 16 above. You cannot speak at the hearing if you excluded yourself.

**Getting More Information**

**21. Are there more details about the Settlement?**

This Notice is only a summary. For a more detailed statement of the matters involved in the Litigation or the Settlement, you may refer to the papers filed in this case. They are available during regular business hours at the office of the Clerk of the Court, United States District Court for the Eastern District of Texas, Sherman Division, Paul Brown United States Courthouse, 101 East Pecan Street, Room 216, Sherman, Texas 75090, File: *Miranda, et al. v. Mahard Egg Farm, Inc., et al.*, Case No. 4:19-cv-00092. The full Settlement Agreement and certain pleadings filed in the case are also available at www.URL.com or can be requested in writing from the Settlement Administrator or by calling 1-800-xxx-xxxx.

**22. How do I get more information?**

You can visit www.URL.com, contact the Settlement Administrator, or contact the lawyers representing the Settlement Class, identified in Paragraph 14 above. **Please do not contact the Court for information.**

**Exhibit D**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRANCITO ISABEL MIRANDA, CESAR BAUTISTA, and CESAR ISLAS, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiffs*, | § § | **C.A. NO. 4:19-cv-00092-ALM** |
| v. | § § | **JUDGE MAZZANT** |
| MAHARD EGG FARM, INC., and MAHARD PULLET FARMS, INC., | § § § | |
| *Defendants*. | § | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Based on the Plaintiffs' Unopposed Motion for Preliminary Approval of the Proposed Settlement and good cause shown therein, IT IS HEREBY ORDERED:

1.      Preliminary Approval of Proposed Settlement. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations between experienced counsel; (b) the Agreement was reached in good faith and in the absence of collusion; (c) a presumption of fairness is appropriate for preliminary settlement approval; (d) the class notices and procedures proposed by the parties satisfy Rule 23 of the Federal Rules of Civil Procedure and the Constitutional requirement of Due Process; and (e) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

The court also understands that counsel will be submitting a fee petition in support of their requested fee award, expenses, costs of settlement administration, and incentive awards for

the class representatives and declarants. At this stage, the court finds the requested awards preliminarily reasonable; though, will evaluate the requested awards in light of any class member responses and counsel's forthcoming petition and render an opinion on same within the court's final approval order.

      2.      **Class Certification for Settlement Purposes Only.** Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> *All Hispanic individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farm, Inc., at Mahard's Chillicothe, TX, facility at any time from January 14, 2015, to the present.*

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

(c) Named Plaintiffs' claims appear to be typical of the claims being resolved through the proposed Settlement;

(d) Named Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed Settlement;

(e) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

3.      Class Counsel. Nichols Kaster, PLLP, and Equal Justice Center and Transnational Worker Rights Clinic are hereby APPOINTED as Class Counsel.

4.      Class Representatives. Plaintiffs Trancito Isabel Miranda, Cesar Bautista, and Cesar Islas are hereby APPOINTED Class Representatives.

5.      Class Notice. The Parties' Postcard Notice and Claim Form and Long Form Notice are APPROVED for distribution in accordance with the schedule included in the Settlement Agreement. The Postcard Notice and Claim Form are to be mailed, and the Long Form Notice is to be posted on the settlement website. The parties are permitted to make changes prior to mailing/posting to include applicable deadlines and contact information. In the Postcard Notice and Claim Form, Spanish translation should also be inserted where placeholders so indicate. The Long Form Notice should be translated to Spanish and both English and Spanish versions posted.

6.      Opt-Outs and Objections. Members of the Settlement Class shall have the right to either opt out or object to this Settlement pursuant to the procedures and schedule included in the Settlement Agreement.

7.      No Waiver of Defenses.  The Court recognizes that Defendants reserve all of their defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become final for any reason. Defendant also reserves its defenses to the merits of the claims asserted if the Settlement does not become final for any reason. If the final settlement is not approved, this Order may not be used as evidence in a future

dispute over class certification or notice. Any future dispute over class certification would be resolved based on the evidence presented at that time.

8.　　Effect of Failure to Approve Settlement. If the Settlement is not finally approved by the Court, or for any other reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement Agreement, or if the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force or effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Plaintiffs or Defendants;

(c)　Neither the Settlement nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence.  In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

9.　　Final Approval Hearing. A Final Approval Hearing is set for _____, 2020, at _____, in Courtroom _____.

4821-5061-4963, v. 1

**Exhibit E**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TRANCITO ISABEL MIRANDA,** | § | |
| **CESAR BAUTISTA, and CESAR** | § | |
| **ISLAS, Individually and On Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
| | § | |
| *Plaintiffs*, | § | **C.A. NO. 4:19-cv-00092-ALM** |
| | § | **JUDGE MAZZANT** |
| **v.** | § | |
| | § | |
| **MAHARD EGG FARM, INC., and** | § | |
| **MAHARD PULLET FARMS, INC.,** | § | |
| | § | |
| *Defendants*. | § | |

## [PROPOSED] FINAL APPROVAL ORDER

Based on Plaintiffs' Unopposed Motion for Final Approval of the Proposed Settlement, the Final Fairness Hearing, and good cause shown, IT IS HEREBY ORDERED:

1. The Settlement Agreement, dated March 2, 2020, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein, are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> *All Hispanic individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farm, Inc., at Mahard's Chillicothe, TX, facility at any time from January 14, 2015, to the present.*

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among the Named Plaintiffs, Class Counsel and Defendants. The Court further finds that counsel for the Parties are experienced class action lawyers who

vigorously asserted the positions of their respective clients and the parties used a third-party mediator to facilitate settlement negotiations.

4.      The Court hereby finds and concludes that notice of this action and the opportunity to opt-out of or object to the settlement was disseminated to members of the Settlement Class in accordance with applicable law, as well as the terms set forth in the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the notice and settlement award distribution procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

7.      The Court hereby finally approves the Settlement Agreement and the Settlement terms and conditions set forth therein, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs its immediate consummation pursuant to its terms and conditions.

8. The Court finds that the requirements of Rule 23(e)(2)(C) and (D) regarding the adequacy of relief for the class and the equitable treatment of class members relative to each other have been met.

9.      The Court finds that a material condition of Defendants' agreement to enter into the Settlement was the Settlement Class Members' release and waiver of claims as stated in the

Settlement Agreement, including a release and waiver of all known and unknown claims of the Named Plaintiffs and Declarants.

10.    The Court finds that this Settlement is in good faith and, by this Order, hereby bars possible future indemnity and contribution claims against Defendants related to or arising from the claims alleged in the Complaint by non-parties to this Action.

11.    The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

12.    The Court approves Class Counsel's application for $_____ in attorneys' fees and $_____ in out-of-pocket litigation expenses, and for a service award to each of the Named Plaintiffs and Declarants Victor Corpus Casillas and Noel Gonzalez in the amount of $10,000 each. The Court approves a service award to Declarants Efrain Alarcon, Roxana Alarcon Chavez, Fabricio Reyna Ferrer, Edgar Reyna, Claudia Madrigales, Sabino Ruiz, and Mark Gonzalez in the amount of $2,500 each. The Court also approves the payment of $_____ to the Settlement Administrator. These amounts shall be paid from the Maximum Settlement Amount.

12.    This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

13.    The Court further finds that all members of the Settlement Class, except those individuals who timely exercised their right to opt out of the Settlement, are hereby barred from suing Defendants as to any of the claims released by the Settlement.

14.    Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the

Federal Rules of Civil Procedure that is binding on the Parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

4824-5417-7715, v. 1

4

**Exhibit F**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TRANCITO ISABEL MIRANDA,** | § | |
| **CESAR BAUTISTA, and CESAR** | § | |
| **ISLAS, Individually and On Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **C.A. NO. 4:19-cv-00092-ALM** |
| **v.** | § | **JUDGE MAZZANT** |
| | § | |
| **MAHARD EGG FARM, INC., and** | § | |
| **MAHARD PULLET FARMS, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

**DECLARANT GENERAL RELEASE**

Pursuant to the Settlement Agreement in the above-referenced class action, and in further consideration, I, _____, on behalf of myself and my agents, insurers, representatives, attorneys, assignees, heirs, executors, vendors, and administrators, hereby release and forever discharge the Released Parties, to the fullest extent permitted by law, from any and all claims I have by reason of any cause, matter or thing whatsoever, from the beginning of the world to the date on which the final Settlement Agreement was executed, including both known and unknown and suspected and unsuspected claims and causes of action in addition to or different from those which I now know or believe to be true with respect to the allegations and subject matters in this case and including but not limited to any claims relating to my employment with Defendants.

**Declarant**

_____ Date: