IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TRANCITO ISABEL MIRANDA, CESAR BAUTISTA, and CESAR ISLAS, Individually and On Behalf of All Others Similarly Situated,** § § § § § § | |
| *Plaintiffs*, § | **Civil Action. NO. 4:19-cv-00092** |
| **v.** § § | **JUDGE MAZZANT** |
| **MAHARD EGG FARM, INC., and MAHARD PULLET FARMS, INC.,** § § § § | |
| *Defendants*. § | |

# FINAL APPROVAL ORDER

Based on Plaintiffs' Unopposed Motion for Final Approval of the Proposed Settlement (Dkt. #68), the Final Fairness Hearing, and good cause shown, IT IS HEREBY ORDERED:

1. The Settlement Agreement, dated March 2, 2020, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein, are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

   *All Hispanic individuals who were employed in a non-managerial position by Mahard Egg Farm, Inc., or Mahard Pullet Farm, Inc., at Mahard's Chillicothe, TX, facility at any time from January 14, 2015, to the present.*

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among the Named Plaintiffs, Class Counsel and Defendants. The Court further finds that counsel for the Parties are experienced class action lawyers who

vigorously asserted the positions of their respective clients and the parties used a third-party mediator to facilitate settlement negotiations.

4. The Court hereby finds and concludes that notice of this action and the opportunity to opt-out of or object to the settlement was disseminated to members of the Settlement Class in accordance with applicable law, as well as the terms set forth in the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the notice and settlement award distribution procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. The Court hereby finally approves the Settlement Agreement and the Settlement terms and conditions set forth therein, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs its immediate consummation pursuant to its terms and conditions.

7. The Court finds that the requirements of Rule 23(e)(2)(C) and (D) regarding the adequacy of relief for the class and the equitable treatment of class members relative to each other have been met.

8. The Court finds that a material condition of Defendants' agreement to enter into the Settlement was the Settlement Class Members' release and waiver of claims as stated in the

Settlement Agreement, including a release and waiver of all known and unknown claims of the Named Plaintiffs and Declarants.

9. The Court finds that this Settlement is in good faith and, by this Order, hereby bars possible future indemnity and contribution claims against Defendants related to or arising from the claims alleged in the Complaint by non-parties to this Action.

10. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

11. The Court approves Class Counsel's application for $165,000.00 in attorneys' fees and $46,070.99 in out-of-pocket litigation expenses, and for a service award to each of the Named Plaintiffs and Declarants Victor Corpus Casillas and Noel Gonzalez in the amount of $10,000 each. The Court approves a service award to Declarants Efrain Alarcon, Roxana Alarcon Chavez, Fabricio Reyna Ferrer, Edgar Reyna, Claudia Madrigales, Sabino Ruiz, and Mark Gonzales in the amount of $2,500 each. The Court also approves the payment of $12,128.00 to the Settlement Administrator. These amounts shall be paid from the Maximum Settlement Amount.

12. The Court approves Mirna Contreras Escobar's timely claim form and allows her to participate in the settlement as a Settlement Class Member.

13. This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

14. The Court further finds that all members of the Settlement Class, except those individuals who timely exercised their right to opt out of the Settlement, are hereby barred from suing Defendants as to any of the claims released by the Settlement.

15.     Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the Parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**

**SIGNED this 4th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE